JAMES B. TELLER AND THOMAS W. SWINNEY, PLAINTIFFS IN ERROR, *v.* JONATHAN T. PATTEN AND JOHN J. LANE.

Where the question before the jury was, whether or not one of the defendants was a partner in a commercial firm, it was proper for the court to exclude the declarations made by the defendant in the absence of the plaintiffs.

It was also proper not to confine the attention of the jury to declarations made at one particular time in the presence of one of the plaintiffs, but to allow all similar declarations to be given in evidence, so that the jury could judge of the entire question of the existence of the partnership.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the district of Indiana.

It was an action of assumpsit, brought by Patten and Lane, merchants of New York, against the plaintiffs in error, merchants of Fort Wayne, Indiana. The only question in the court below was, whether or not Swinney was a partner of Teller, the declaration counting upon four promissory notes signed by Thomas B. Teller & Co. Under the instructions of the court, a verdict was found for the plaintiffs. The substance of the bills of exception is stated in the opinion of the court.

The case was submitted on a printed argument by *Mr. Crawford* for the plaintiffs in error, and argued by *Mr. O. H. Smith* for the defendants.

Mr. Justice McLEAN delivered the opinion of the court.

This case is brought here by a writ of error from the Circuit Court for the district of Indiana.

It is an action of assumpsit on four promissory notes signed by Thomas B. Teller & Co. A verdict was rendered, and a judgment entered, for $2,719.40.

Certain rulings of the court on questions of evidence which were made during the trial, and to which exceptions were taken, present the points for consideration.

Evidence was given to prove the partnership of Swinney with Teller, which was denied, and which was the only controverted fact in the case. Thomas P. Anderson, a witness, stated that in April, 1852, he introduced Swinney to divers merchants in the city of New York, including the plaintiffs, as a person wishing to buy goods for Fort Wayne, as the father-in-law of Teller, and the capitalist of the concern, which was not denied by Swinney. Several other witnesses gave evidence conducing to prove that Swinney was a partner of Teller, and had by his declarations and conduct at Fort Wayne on divers occasions, in 1852 and 1853, held himself out to the world as a partner of Teller, who was then doing business as a merchant, and that Swinney had suffered Teller to hold him out as such.

It was further proved, by the book-keeper of the plaintiffs, that Swinney was in New York in June, 1854, a period prior to the extension of the notes sued on, and in conversation with

Patten and Lane, the plaintiffs, he admitted that he was a partner of Teller & Co., in the house at Fort Wayne. About the same time, two of the daughters of Swinney testified that their father stated, at the Astor House, in New York, to Patten, one of the plaintiffs, that he was not a partner of Teller.

The defendants then offered several depositions, conducing to prove that Swinney, on his way to New York, with Solomon D. Bayless, to purchase goods, &c., and to whom he said that he was not to be a partner with Teller, who was his son-in-law, that he intended to purchase a small stock to start him in business, but that he had no further interest or connection in the matter. The same statement was made by Swinney to several persons in New York. Witness introduced him to a number of merchants in that city, and to those persons he did not represent him as the partner of Teller. This was before Thomas P. Anderson arrived at the city. At none of these conversations does it appear that plaintiffs were present, or either of them. Other depositions were offered to prove that on the trial of one Michael Dougherty for larceny, at Fort Wayne, in January, 1853, Swinney and Teller were both witnesses, in the absence of the plaintiffs, and both swore that Swinney was not a partner of Teller's. But the court, on objection being made, overruled the depositions, which showed the declarations of Swinney made to different individuals at different times, in the absence of the plaintiffs, and also the oaths made by Swinney and Teller in the criminal case stated, as incompetent, but the evidence of the two daughters of Swinney was not overruled.

After the evidence was given, and the argument of counsel closed, the defendant's counsel requested the court to charge the jury, if they believed from the evidence that in June, 1854, Swinney told Patten, in New York, that he was not, and never had been, a partner of Teller, the plaintiffs could not afterwards deal with him so as to bind Swinney, unless proof were made of a new authority given to him. But the court refused to give the instruction prayed for, and said, if the jury were satisfied, from the evidence, that Swinney was actually a partner with Teller in the establishment at Fort Wayne, his declarations to the contrary to Patten, in New York, could not relieve him from liability in this action.

An exception was taken to the instruction refused and to that which was given.

The instruction given on the evidence before the jury was proper. It was the province of the jury to determine the weight of evidence before them. The instruction asked by the defendant. would have restricted this right, as it would have

thrown out of the case the evidence of the plaintiffs. The jury might believe that the remarks were made to Patteh by Swinney, in the presence of his daughters, "that he was not, and never had been, a partner of Teller, at Fort Wayne," and yet, from the plaintiff's evidence, find them to be untrue. This statement is represented to have been made in 1854, some two years after the merchandise had been purchased. It is said this was prior to the extension of the notes; but that is immaterial, as the partnership debt had been long before incurred. No one can manufacture evidence for himself in such a case. The judge treated the evidence fairly by submitting it, with the other facts, to the consideration of the jury.

The depositions which related to the declarations of Swinney, at different times and occasions, that he was not a partner of Teller's, were properly suppressed; they were not made in the presence of the plaintiffs, or their agent, and of which the plaintiffs could have had notice. The oaths said to have been made on a certain occasion, by Teller and Swinney, belong to the same category.

The existence of the partnership at Fort Wayne seems to have been proved to the satisfaction of the jury. The firm was known by the name of Teller & Co. This was the admission of a partnership in their course of dealing; and if Swinney was not the partner, it would have been easy to prove who was.

The ruling of the court in the admission of the evidence to the jury, and the exclusion of that which was offered, was correct.

The judgment of the Circuit Court is affirmed, with costs.