BROWN & BLISS v. RAINS ET AL.

53  81<br>96  24

1. **Evidence:** PARTNERSHIP: DECLARATIONS. In an action to charge a defendant as a member of a partnership, it was held that neither the declarations of his alleged partner, made without his knowledge, nor the fact that he was generally reputed to be a member of the firm, were competent to prove the existence of the partnership.

*Appeal from Mills Circuit Court.*

WEDNESDAY, MARCH 17.

ACTION upon an account for goods sold by plaintiffs to the defendant T. E. Rains. At the time of the sale Rains was doing business as a merchant, in his own name, in the town of Malvern, Mills county, and purchased the goods for which the plaintiff's account accrued for the purpose of replenishing his stock. He does not deny the correctness of

the account and makes no defense. The question in the case arises upon the alleged liability of Rains' co-defendant Summers. The plaintiffs aver that at the time of the sale of the goods to Rains Summers was a partner with Rains, and as such partner was interested in the purchase and became liable to pay for the goods. Summers denies all the allegations of the petition made for the purpose of charging him with liability. There was a trial by jury and verdict for the plaintiffs. The defendant Summers appeals.

*Watkins & Williams*, for appellant.

*Hale, Stone & Proudfit*, for appellees.

ADAMS, CH. J.—The goods in question were sold in October and November, 1877. Prior to August, 1876, and while the defendant Rains had been carrying on the same business in the same place, Summers was interested in the business with him as a partner. But in the month of August, aforesaid, the evidence tends to show that the partnership was dissolved. The business, during the time that it is admitted that the partnership existed, was done in the name of T. E. Rains alone, and no change in that respect took place.

1. EVIDENCE: partnership: declarations.

To prove that the partnership between Rains and Summers continued after August, 1876, the plaintiffs introduced witnesses to prove the declarations of Rains, made without the knowledge of Summers. To this evidence Summers objected. But the objection was overruled and the evidence admitted. We think that the evidence should have been excluded. If one person can be held as the partner of another simply upon the declarations of the other, who may be interested to obtain credit upon the strength of the declarations, there would be no safety for any one. The court, in its instructions, indeed held that a partnership could not be thus proven, and ruled that the declarations were admissible only for the purpose of impeaching Rains as a witness. But no proper foundation

was laid for his impeachment. Besides, we see nothing in his proven declarations necessarily inconsistent with his testimony. It is not shown that his declarations related to a time subsequent to August, 1876.

This being so it might, perhaps, be thought that the admission of testimony in regard to the declarations was without prejudice; but we think otherwise. The testimony was well calculated to confuse and mislead the jury.

For the purpose of proving the continuance of the partnership after August, 1876, evidence was admitted against the appellant's objection to the effect that they were reputed to be partners. In this we think that the court erred. The fact of a partnership cannot be proven by reputation.

The court instructed the jury, in substance, that notwithstanding the partnership might have been dissolved in August, 1876, yet if Summers concealed the fact for the purpose of giving Rains credit, and it was understood in the community that the partnership still continued, Summers might be liable.

In giving this instruction we think that the court erred, because we think that it was inapplicable. No question arises as to whether Summers held himself out as a partner and thereby became liable without being one, because, as the evidence shows, the credit was not given upon the supposition that he was a partner. A person can be held as partner where he is not a partner only where his conduct has been such as to mislead creditors, and estop him from showing the truth.

Reversed.

THE STATE v. MILLER AND KREMLING.

1. **Criminal Law:** GRAND JURY: INCOMPLETE PANEL. Where a part of the grand jury drawn fail to appear it is competent for the court, · under section 4256 of the Code, to orally direct the sheriff to summon a sufficient number to complete the panel. Section 244, requiring a second precept to issue, applies only to a case where the entire panel are absent or illegally drawn.

2. ———: JURY: PRACTICE. Where the defendant in a criminal action fails to have the names of the jury called, and an attachment issue against those who are absent at the time the indictment is called for trial, as provided in section 4391 of the Code, he waives the right to make objections on the ground of such absence during the progress of the trial.

3. ———: SALE OF INTOXICATING LIQUORS: BURDEN OF PROOF. The burden rests upon one indicted for the sale of intoxicating liquors in violation of law, to prove that liquors shown to have been sold by him were of a kind excepted by the statute from the prohibition.

4. ——: ———: EVIDENCE. The statement of the seller, made at the time of the sale, that the liquor sold was native wine is not admissible as evidence in his behalf.

5. ——: ———: ———. The opinion of a witness as to the kind of liquor which he bought of the defendant and drank is competent.

6. ———: PRACTICE: JUDGMENT. The objection that judgment was not pronounced upon a defendant, convicted of a crime, until the ensuing term after the trial, will not be considered in the absence of a showing of the reason for the continuance, or of exceptions taken to the order at the time it was made.

*Appeal from Hardin District Court.*

WEDNESDAY, MARCH 17.

THE defendants were indicted for the crime of nuisance in erecting and using a building for the unlawful sale of intoxicating liquors, and upon conviction, sentenced to pay a fine of $100 each. They now appeal to this court. The facts of the case involved in the points ruled appear in the opinion.

*Fred. Gilman*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

