W. C. SOUTHMAYD, appellant, *v.* LEROY SOUTHMAYD, respondent.

PLEADING — *Immaterial variance.*— An appellate court will not sustain an objection to findings of a court below on the ground of variance between the proof and the pleadings, raised therein for the first time, and when it does not appear that the complaining party has actually been misled thereby.

When the record shows that testimony of possession was introduced on trial without objection, it will be presumed that the pleadings justified such testimony.

MINING PARTNERSHIP — *Possession* — *Part payment.* — When the findings of the court below show the existence of a mining partnership between appellant and respondent, under a verbal agreement that the latter shall control the interest of the former, receive all the proceeds thereof until the purchase price was fully paid, followed by ' both actual and constructive possession under the verbal agreement, though no money was paid down by appellant when he entered into possession and partnership, it is such a part performance of a verbal contract as to take it out of the statute of frauds, and specific performance will be enforced.

The facts found warrant an order for an accounting, and if the profits received amount to the price agreed to be paid, further specific performance may be enforced.

*Appeal from First District, Madison County.*

JAMES E. CALLAWAY and SANDERS & CULLEN, for appellants.

I. The court below found every issue of fact raised by the pleadings in favor of the appellant.

(*a*) That the defendant made a verbal contract with the plaintiff in March, A. D. 1870, immediately after the purchase orally, by said defendant, of a one-third interest in the mining ground described in the complaint, of one A. C. Hall, to sell the said one-third interest to plaintiff, and to convey the same to him whenever, and as soon as, the proceeds arising from the working of said ground should equal the sum of $8,800; the said defendant to receive all the proceeds arising from said interest until said sum was paid.

(*b*) That in pursuance of such agreement plaintiff entered into possession of said interest, and plaintiff, defendant and one W. H. Hall worked and mined upon said ground during the years A. D. 1870 and A. D. 1871, as partners, books of account being kept and each partner receiving credit for the amount of labor done; that plaintiff further worked on said ground in the same ca-

pacity in the spring of 1872, and about a week in A. D. 1874.

(*c*) That defendant received all the proceeds from said ground from March, A. D. 1870, and has never accounted to defendant therefor.

These facts are sufficient for our present purpose. They show conclusively that, even if this were a case where a conveyance in writing were necessary under our statute of frauds, that there has been a performance, or at least a part performance, of this contract, and courts of equity intervene to relieve from the statute of frauds in such cases. Browne on Statute of Frauds, sec. 447; *Hoffman* v. *Fett*, 39 Cal. 109; *McCarger* v. *Rood*, 47 Cal. 141; 3 Washb. on Real Prop. p. 235; 1 Story's Eq. Jur. secs. 759–61; 2 Story's Eq. Jur. secs. 1522, 1522*a; Weber* v. *Marshall*, 19 Cal. 461; *Reese* v. *Roush*, 2 Mont. 591.

2. Our statute reserves to the court the right to relieve in such cases. Codified Stats. p. 393, secs. 7, 10.

II. The record discloses the fact that this contract was made before the government of the United States had parted with its title. The title, therefore, which defendant sold and plaintiff bought was a mere possessory one under local usages and customs of miners, and no conveyance in writing was necessary. It was held by possession merely, and when plaintiff went into possession, as he did as a partner with his brother, he had a perfect title to the same, incumbered merely by the agreement for the payment of the purchase price. *Table Mountain Tunnel Co.* v. *Stranahan*, 20 Cal. 208.

III. But there is another view of this case which makes the inquiry as to whether there has been a part performance or not wholly immaterial. The court finds, and the facts show, that plaintiff and defendant were partners in this mining ground during the years A. D. 1870 and 1871, and perhaps, it may be said, inferentially, in 1872 and 1874. But this last is immaterial, as the partnership once shown to exist will be presumed to

continue until a dissolution is shown. If two or more persons acquire a mining claim for the purpose of working the same, and actually engage in working it, sharing the proceeds according to the interest of each in the ground, it is a partnership. *Duryea* v. *Burt*, 28 Cal. 569; *Settembre* v. *Putnam*, 30 Cal. 490.

2. In partnerships, so far as partners and creditors are concerned, realty is treated as personalty, and governed by the doctrines applicable to personal property. Story on Partnership, sec. 93 *et passim;* Collyer on Partnerships, sec. 136 *et seq.*

SAMUEL WORD, for respondent.

This is an appeal from the judgment roll. No motion was made for a new trial in the court below. No statement of the evidence; and this court will not go outside of the pleadings and findings of the court, which constitute the transcript in this case.

The complaint sets up as a cause of action the purchase by the plaintiff, from A. C. Hall, by verbal agreement, of one undivided third interest in the property described in the complaint. See Complaint, Transcript, p. 2.

The findings of the court show that the verbal agreement made by plaintiff, concerning said interest, was made with the defendant, and not with A. C. Hall. See Findings, Transcript, pp. 50, 51.

The defendant is invited, by the plaintiff's complaint, to meet the averments of a contract by plaintiff with A. C. Hall, and the creation of a trust for his benefit in the hands of the defendant, by the sale and conveyance of the property by A. C. Hall to the defendant, while the findings show a verbal agreement between the plaintiff and defendant for which no consideration appears. 2 Estee (2d ed.), 306; *Hays* v. *Kershaw*, 1 Sandf. Ch. 258.

The findings must be supported by the averments of the complaint, or plaintiff cannot recover. He cannot aver one state of facts, prove another, and recover.

It appearing from the complaint, as also from the findings of the court, that the plaintiff at no time paid any of the purchase money for the interest bought of A. C. Hall, no resulting trust, or other trust by operation of law, was created. See 4 Kent Com. marg. secs. 305, 306; *Case* v. *Codding*, 38 Cal. 193; 2 Story's Eq. sec. 1201; *Frederick* v. *Haas*, 5 Nev. 380.

Possession without payment of part of purchase money creates no resulting trust. See authorities above cited.

To take an agreement, not in writing, for the sale of lands out of the statute of frauds, a part performance of such agreement must not only be proven, but must be averred in the pleadings. In this case it is contended that the plaintiff's alleged possession was a part performance and takes the case out of the statute. Mere possession is not sufficient. Browne on Frauds, sec. 477. The possession must be under and in pursuance of the terms of the agreement. Browne on Frauds, secs. 454, 457, 476, 483; *Purcell* v. *Miner*, 4 Wallace, 517. And such possession must be retained in pursuance of said contract. Browne on Frauds, sec. 485. The findings of the court do not show that any possession of the plaintiff was under or in pursuance of the verbal agreement referred to. See Findings.

The possession referred to in the findings of the court is not inconsistent with a merely temporary and limited arrangement with defendant and W. H. Hall. The court does not find that he was a partner or joint owner in the real estate.

The verbal agreement must be clearly shown and the acts of part performance must be clear and unequivocal. Browne on Frauds, sec. 493; *Phillips* v. *Thompson*, 1 Johns. Ch. 131; *Byrne* v. *Romaine*, 2 Edw. Ch. 445; 1 U. S. Eq. Dig. pp. 574, secs. 818, 820, 821, 837; 1 U. S. Eq. Dig. p. 576, sec. 872.

To reverse the judgment of the court below the appellant, evidently losing sight of the case made by the plead-

ings, relies upon a verbal agreement not sued on, and a part performance of the same by alleged possession of plaintiff. To sustain such an agreement, the part performance must be averred in the complaint and proven at trial.

The court does not find that he ever was in possession under said agreement. The complaint does not aver possession under any such agreement. And if the substance of such an agreement can be found in the second amended complaint, we find that the plaintiff, before the trial of the case in open court, and in writing, "*dismisses that part of his complaint which relates to the possession of the property therein described,*" leaving the complaint without any averment of plaintiff's possession at any time; and thus, so far as the averments of the complaint are concerned, divesting both plaintiff and defendant of any possession of the property at any time. See Transcript, p. 45.

In the court below we infer from the pleading that the case was tried upon the theory of a trust having been created in some way in the purchase by defendant from A. C. Hall. An express trust cannot be created or proven by parol. *Reese* v. *Roush*, 2 Mont. 591; *White* v. *Sheldon*, 4 Nev. 280.

The authorities heretofore cited show that the state of facts appearing from the pleadings or findings do not create a resulting trust.

The findings of the court, so far as any of them are upon material issues raised by the pleadings, are in favor of the defendant.

The verbal agreement relied on is without consideration and void under our statutes. See R. S. sec. 160, p. 577; *id.* sec. 176, p. 579; *id.* sec. 166, p. 578.

The findings show that the plaintiff has not paid the defendant any money, and is not entitled, in any view of the case, to a conveyance of the property or to any relief.

This is an action to recover mining claims. It is barred by limitation. R. S. p. 11, sec. 40.

Mining claims, patented or otherwise, must be conveyed by deed in writing as other real estate — a mere transfer of possession is not sufficient. 33 Cal. 318; *Carr* v. *Gollar*, 30 Cal. 484; *Felger* v. *Coward*, 35 Cal. 650; R. S. p. 577, sec. 160; id. p. 579, sec. 176; id. p. 578, sec. 166.

GALBRAITH, J. In view of our final conclusion in this case, the arguments presented by counsel require that we should consider:

1st. An objection urged by the respondent in relation to a variance in some particulars between the allegations of the petition and the findings of the court.

2d. An objection urged also by the respondent that the complaint does not contain an averment of possession of the subject of the controversy by the appellant, and will not, therefore, support a judgment.

3d. As to whether or not the conclusions of law, and the consequent judgment of the court, are warranted by the findings of fact.

The complaint alleges in substance the purchase of the interest in question by appellant from A. C. Hall, and that respondent became security for the performance of the terms of such purchase by appellant; and the conveyance of the interest to respondent by A. C. Hall, to indemnify him as such security, and to be held by him till the profits thereof had paid the purchase money, and when so paid he was to convey the same to appellant.

The answer denies these allegations, and alleges a purchase by respondent for himself alone from A. C. Hall; and also avers in substance that the respondent never did sell in any manner the interest in question to the appellant, nor is the appellant in any manner entitled to any interest therein, nor any part thereof, by virtue of any agreement of any kind with respondent. Whereas the findings show a verbal agreement by appellant to purchase the interest in controversy from respondent, after a verbal agreement by respondent to purchase the same of A. C. Hall.

It is claimed by the respondent for the first time, in this court, that in consequence of this different state of facts, as averred in the complaint, and as found by the court, that there is such a variance between the complaint and the findings as that the appellant cannot recover.

The transcript does not contain the testimony, therefore it does not show any objection to the introduction of evidence sustaining the findings of the court, upon the ground of such evidence not being warranted by the pleadings. Neither is there anything in the transcript from which the court can discover that injustice was done the respondent, or that he was misled to his prejudice by the introduction of such testimony. The findings of the court as above set forth, although not in accordance with the allegations of the complaint, show as a matter of fact that which is directly denied by the answer, viz., that appellant did agree verbally to purchase the interest from respondent. When nothing appears to show that the respondent was misled to his prejudice or surprise by the testimony and findings of the court, the denial in the answer would lead us rather to conclude that he was not thus surprised or misled. Section 110 of the Code of Civil Procedure provides that "no variance between the allegations in a pleading and the proof is to be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. When it appears that a party has been so misled, the court may order the pleadings amended upon such terms as may be just."

Had the objection been made upon the ground of variance before the entry of judgment in the court below, this difficulty might have been obviated by amendment. In view of the statement of parties as set forth in the pleadings, and the history and circumstances of the case as shown by the transcript, we do not think that the respondent was misled to his prejudice, or surprised, by the introduction of the testimony or the findings of the

court therefrom. In the same view we are also of the opinion that the variance is not of sufficient importance to justify us in sustaining the objection, when for the first time raised in this court. *Dikeman* v. *Norrie,* 36 Cal. 94.

It is also objected by respondent that the complaint contained in the record does not make any averment of possession by appellant, for the reason that he dismissed "that part of his complaint which relates to the possession of the property therein described." The dismissal is in the following language: "Now come again the parties by their counsel as aforesaid, whereupon the said plaintiff dismisses that part of his complaint which relates to the possession of the property therein described."

It is not signed by the appellant or his counsel. It does not appear whether it was a verbal motion in open court and entered in the minutes, or in writing, as alleged in respondent's brief. It is indefinite and uncertain, both as to the party to whose possession it refers and what complaint is intended. The trial was had upon, and the transcript contains, the second amended complaint. The dismissal is immediately followed by a motion to strike out certain parts of the second amended complaint, which are specified, and which are inconsistent with the allegations therein of possession by the appellant. It is apparent that it was for this cause they were asked to be stricken out by the pleader. When the dismissal, therefore, is viewed in the light of the circumstances surrounding it, and construed in connection with the motion to strike out, which immediately succeeds, it should not be considered as dismissing that part of the second amended complaint which alleges the possession of the appellant. To further sustain the correctness of this view, we may remark that in order to warrant the findings testimony must have been introduced, and (so far as appears by the record) without objection, that appellant was in the actual possession of the interest in con-

troversy, and in the constructive possession thereof, by agent, as well as by being a partner and tenant in common.

In relation to the objection by respondent that the complaint does not contain an averment of possession under the agreement, we think that the complaint makes this allegation with sufficient clearness and precision.

The next subject of inquiry must then be as to whether or not the conclusions of law and the consequent judgment of the court are warranted by the findings of fact. The findings are in substance as follows: "That in March, 1870, the respondent, William H. Hall and Amos C. Hall were the owners and possessors, as tenants in common, and partners in the working of the mining ground, the one-third interest in which is in controversy, and all the rights and appurtenances thereto belonging. That at this time Amos C. Hall made a verbal agreement to sell to respondent his interest in said property, being an undivided one-third, for $5,000, and then delivered to him the possession thereof. That in November, 1871, the respondent paid to A. C. Hall the above sum, and received from him a deed for the interest. That also in March, 1870, immediately after the making of the foregoing verbal agreement, the respondent made a verbal agreement to sell and convey to the appellant the above interest upon the payment by appellant to respondent of the sum of $5,000, and the further sum of $3,800, with interest on the last named sum at the rate of ten per cent. per annum, the same being due and owing by appellant to respondent at the date of this agreement. That the above property is the mining ground described in the second amended complaint. That respondent was to execute and deliver to appellant a deed for the interest as soon as respondent should receive from the profits in the mining of said interest the above sum of money, no time being fixed for said payment. That appellant never paid to respondent any

money on account of this agreement. That respondent further agreed to control and manage two-thirds of the said property and receive all the proceeds thereof. That in 1870 and 1871 the appellant, respondent and Wm. H. Hall worked upon said property as equal partners. That the time book was kept by Wm. H. Hall, who credited therein each partner with the wages for the number of days in which he performed labor. That in November, 1871, the respondent also became the owner and possessor of the interest of Wm. H. Hall in the property, the same being an undivided one-third thereof. That respondent has received all the proceeds of the one-third interest in controversy since March, 1870, and never accounted to appellant therefor. That appellant also worked upon said property in the spring of 1872, and about a week in June, 1874, but has done no labor thereon since the last date, excepting certain times when he was interested in the contracts of third persons, and obtained the consent of respondent so to do. That appellant was sick and absent from the territory from September, 1873, until about June, 1, 1874, and from September, 1874, until September, 1876. That appellant demanded his said interest in the property from respondent in March, 1877."

It is claimed that these findings do not establish a resulting trust or other trust by act or operation of law. In order to create such a trust, payment at the time is indispensable. 4 Kent's Com. marg. p. 305.

The court finds that the appellant never paid any money on account of his agreement with respondent, but the respondent was to be paid out of the profits of the interest in question as soon as appellant should receive therefrom sums sufficient to pay the purchase money thereof. Neither is there any finding from which can be discovered the amount of the profits of said interest, and consequently how much, if any, should be applied to the payment of the purchase money to be paid under the

appellant's agreement with respondent, even if payment at the time was not essential to the creation of a trust by implication of law.    But if there was such finding, nevertheless payment of the purchase money, or any part thereof, subsequent to the verbal agreement between the parties, could not establish a resulting trust of the interest in question, either in whole or in part.    *Frederick* v. *Haas*, 5 Nev. 389; *Case* v. *Codding*, 38 Cal. 191.

In brief, the findings do not establish what in law constitutes the requisite elements of a resulting trust.    The findings of the court, however, show that the appellant, respondent and Wm. H. Hall worked upon the property in 1870 and 1871 as equal partners.    It is also found that a time book was kept by said Hall, who credited therein each partner for the number of days in which he worked. They also show that appellant bought into a partnership already existing, by purchasing the interest in question from respondent, who belonged to this partnership, who in turn had purchased the same from A. C. Hall, who was also a member of the partnership.    In reference to this partnership the court also finds that its members, who were then the respondent, Wm. H. Hall and Amos C. Hall, " were the owners and possessors, as tenants in common and partners in the working of the mining ground and all the rights and appurtenances thereto belonging."    It also appears from the findings that in November, 1871, the respondent obtained the interest of Wm. H. Hall in the property, which was an undivided one-third.    The above facts establish the existence of a partnership.

The court below does not find the exact terms of this partnership, but it does find that before the respondent obtained the interest of Wm. H. Hall, that appellant, respondent and Wm. H. Hall worked upon the property as equal partners, which is equivalent to a statement that they were partners, each having an equal interest in the partnership.

The inference must therefore be, that subsequent to this period the respondent had an interest of two-thirds and the appellant that of one-third in the partnership. It may also be fairly inferred that the object of the partnership existing between appellant and respondent was the working of the property for mining purposes, as it had been before, and that they continued to be partners in proportion to their respective interests and subject to the other incidents and consequences resulting from such a partnership.

"It is not necessary that there should be an express stipulation between the partners to share the profits and losses, as that is an incident to the prosecution of their joint business." *Duryea* v. *Burt,* 28 Cal. 569, and cases there cited.

The findings show that the property upon which the partnership was employed is that described in the second amended complaint, and it is therein set forth as "certain gulch claims and placer mines and the flumes thereon, and water rights, and water-ditches and privileges thereunto belonging; also the dump ground therefor and appurtenances thereto belonging."

It would appear from this general description that the property was strictly mining property, and only valuable for mining purposes. We think that the foregoing facts indicate conclusively that there existed between the appellant and respondent what is termed a mining partnership; "a species of partnership containing some of the incidents of trading partnerships, and some of the incidents of tenancy in common." *Settembre* v. *Putnam,* 30 Cal. 490.

The findings do not show that there was ever a dissolution of this partnership. A rule, peculiar to mining partnerships, is that each owner may sell and convey his interest at any time, and such sale does not, as in the case of ordinary trading partnerships, dissolve the partnership. This distinction is founded upon the grounds

both of expediency, because mining partnerships would suffer great inconveniences from the application of the common rule, and also that such partnerships are not founded upon the "*delectus personæ*," which is the case with ordinary commercial partnerships. The sales of the interests as shown by the findings did not, therefore, dissolve the partnership, and it must therefore be presumed as still continuing to exist. *Skillman* v. *Lachman*, 23 Cal. 199; *Duryea* v. *Burt*, 28 Cal. 569.

As partner, the appellant was therefore also tenant in common. It is well settled that the possession of one tenant in common is the possession of all. *Waring* v. *Crow*, 11 Cal. 367. Possession and seizin of one tenant in common is the possession of the other. Smith on Real and Personal Estate, p. *392. The findings also show that in March, 1870, the respondent agreed to control and manage two-thirds of the property and receive the proceeds thereof. At this time Wm. H. Hall owned one-third interest in the property, and also worked with the parties to the action thereon. We must therefore conclude that the two-thirds which the respondent agreed to control and manage were those of himself and the interest in controversy. As the findings also show that respondent did receive the proceeds thereof, we must likewise infer that he did in fact control and manage the above interest. Therefore, as controller and manager, he would have been in possession thereof for appellant. As the findings also show that appellant worked upon said property in 1870 and 1871, and a time book was kept by Wm. H. Hall, who entered therein the wages for each day in which each partner worked, and that appellant also worked thereon for a short period in 1872 and 1874, we must conclude that during these periods he was in the actual possession of the interest in controversy. The fact that appellant, when interested in the contracts of third persons, obtained the consent of respondent at

certain times to work on the property, is not inconsistent with his possession.

The appellant has, therefore, during the above periods, been in the actual possession of the interest in controversy, and, both by his agent and as tenant in common, has, ever since the verbal agreement with respondent, been in the constructive possession thereof. The findings leave no doubt but that he was thus in possession under and by virtue of the verbal agreement. The statute of limitation in relation to mining claims has, therefore, no application to this case. In view of the time spent and work done by the appellant upon the property, and also the mutual trust and confidence which is presumed from the partnership relation, we are of the opinion that the refusal of the respondent to convey to him the interest in controversy, when the profits thereof have amounted to the sum agreed upon, would work a fraud upon appellant. We therefore conclude that the actual and constructive possession of appellant, coupled with the manifest fraud which the admission to the possession would cause to him unless the respondent would comply with his agreement, is such a part performance of the verbal agreement as that its specific performance, when the profits amount to the sum thereby agreed upon, should be enforced. Story's Eq. Juris. secs. 759–761.

Whether or not a specific performance shall be decreed cannot, of course, now be determined, until it is ascertained what, if any, have been the profits of the interest in question. The findings, as we have seen, show that the respondent agreed to control and manage this interest and receive the proceeds thereof; that he has received all the proceeds of the interest since March, 1870, and never accounted to appellant therefor; that appellant and respondent are now the only members of the partnership, and that appellant demanded his interest in 1877.

Under the above state of facts, the appellant is entitled

to an order for an accounting, as prayed for in his amended complaint.

Judgment is reversed, with costs, and cause remanded for further proceedings in accordance with this opinion.

*Judgment reversed.*