HON. WILLIAM H. DE WITT, } Associate Justices.
HON. WILLIAM H. HUNT, }

WIGGIN, RESPONDENT, *v.* FINE, APPELLANT.

[Submitted February 21, 1896. Decided March 9, 1896.]

PARTNERSHIP—*Evidence—Action for accounting.*—In an action for dissolution of a partnership and an accounting, where the defendant alleged that the partnership existed not alone between himself and the plaintif but that other parties were also members of the partnership and necessary parties to the suit, it is error to permit the plaintiff to testify to declarations made to him by one of such third parties, without the hearing of the defendant, to the effect that he did not claim to be a partner.

SAME—*Action for accounting—Referee's hearing—New trial.*—In an action for dissolution of a copartnership, a partner who negligently fails to attend before a referee appointed to take an accounting, cannot on motion for new trial, dispute the correctness of certain items of the account.

*Appeal from Second Judicial District, Silver Bow County.*

(575)

ACTION for dissolution of a partnership and an accounting. The cause was tried before McHATTON, J., without a jury. Plaintiff had judgment below. Reversed.

Statement of the case by the justice delivering the opinion.

The principal relief sought in the action was an accounting and dissolution of a partnership alleged to have existed be- plaintiff and B. J. Fine, defendant, for the purpose of work- ing, leasing and bonding the Shonbar and Mary Ann mining claims. Plaintiff alleged that, since the commencement of the partnership, defendant had, from time to time, applied to his own use, from the receipts and profits of the said partnership mines, large sums of money greatly exceeding the proportions thereof to which he was justly entitled, to wit, about $8,000.

The defendant admitted a partnership in the Shonbar and Mary Ann mining enterprises, but denied that he had applied to his own use any moneys in excess of what he was entitled to. He further averred that there was a partnership existing, not alone between plaintiff and himself, but between plaintiff and defendant and one Pankey, Lowrey and Hamilton, in the Shonbar mining claim enterprise, for the organization of a company and the division of the capital stock therein, and that said parties not defendants are necessary parties to the suit. Defendant pleaded his willingness to account to all members of such partnership, and that he had accounted to plaintiff. He also pleads that, by various items set forth, the plaintiff owes the partnership. In relation to the Mary Ann claim, defend- ant says that the agreement with plaintiff was that defendant should be entitled to one-half of all the profits arising from the exploitation of said claim and the lease thereof, but was not to be liable for any of the expenses connected with the same, or the working thereof. Defendant prayed for an accounting and dissolution. The replication denied all the new matter in the answer.

The case was tried to the court without a jury. The court found the issues for the plaintiff, and made special findings to the effect that plaintiff and defendant were partners, and that

Hamilton, Lowrey and Pankey were not partners in any mining operations between plaintiff and defendant.   An accounting was ordered taken by the court.   To take this accounting, Charles R. Leonard, Esq., was appointed referee.   The record shows that, by agreement of the parties to the suit, the hearing before the referee was set for December 14, 1892.   On that day the hearing proceeded, in the absence of the appellant. At the request of the appellant's attorneys, the hearing was postponed from time to time in order to give defendant time in which to come to Butte from Virginia City.   On December 26th the defendant was not present, whereupon, without objection from the defendant or his counsel, the referee closed the case.   No excuse was then made for the absence of the defendant, other than the exhibition of a telegram to the effect that he could not be in Butte on that day.   The defendant did not appear before the referee at any time, although he was in Virginia City, and was fully aware of the fact that his suit was going on.   The referee filed his report, to the effect that there was due from the defendant to plaintiff $5,017.40, and that the plaintiff was entitled to an interest in certain promissory notes.   The court adopted the report of the referee, and judgment was entered.   The defendant moved for a new trial. One ground of his motion is that the account rendered by the plaintiff and so found by the referee, was false in a number of important items, amounting to several thousand dollars.

Another ground of motion for a new trial is error of law committed upon the trial of the case.   The court made an order that, unless plaintiff consented to a deduction of $1,990.20 from the judgment, the motion for a new trial should be granted.   The plaintiff thereafter consented to this deduction, and the judgment was modified accordingly.   The motion for a new trial was then overruled.   Defendant appealed.

*William Scallon* and *F. T. McBride*, for Appellant.

*Forbis & Forbis*, for Respondent.

HUNT, J.—The ruling of the district court in admitting certain evidence upon the trial before that court, and to which exception was duly taken, brings up the main point for determination.    The plaintiff offered evidence to prove the partnership alleged between himself and the defendant in the Mary Ann and the Shonbar mining ventures.    On cross-examination, plaintiff was asked concerning an interest that Hamilton and Lowrey, who were alleged by defendant to be partners in the Shonbar, had in the Shonbar lease, and in the stock of a mining corporation to be formed with the Shonbar claim, as the property of the corporation, and if he (plaintiff) did not know that, for a loan of $2,000 made by Hamilton and Lowrey to Fine, the said Hamilton and Lowrey were to be given stock in the Shonbar corporation, out of the interests of both plaintiff and defendant.    Thereafter, on redirect examination, the plaintiff said he had conversed with Hamilton with reference to his being interested in the matter of the Shonbar claim and corporation.    Counsel for plaintiff then asked what Hamilton said about it.    Defendant's counsel objected to the question as immaterial and irrelevant; also, as calling for hearsay.    The plaintiff was allowed to answer, and an exception was saved. The answer of the witness stated, substantially, that Hamilton had told him that he (Hamilton) and Lowrey had loaned Mr. Fine $2,000, and he had deeded them an interest in the lease and bond, and had promised them some stock in the company, if it went through; that he expected no money, but understood it was between Fine and plaintiff; that plaintiff and defendant were to have any money to come, but that Fine agreed to give him (Hamilton) some stock for loaning the money, and was to pay him back the $2,000.

The defendant's evidence tended to prove, in part, that at one time the plaintiff had assigned his entire interest in the Shonbar bond to the defendant, and that $1,000 had been paid by the purchasers to the plaintiff on account of the sale, which was for $2,500; that thereafter the purchasers failed to make the further payments, and an incorporation was talked of between plaintiff and defendant: that in November it was neces-

sary to meet the unexpected expenses of the mine, whereupon the defendant went to Hamilton and Lowrey, who, he alleges, were partners, and they loaned to the defendant $2,000, and that, by way of appreciation of the assistance of Hamilton and Lowrey, defendant gave them one-sixteenth interest out of his interest in the Shonbar and Mary Ann; that at that time the entire title of the Shonbar was in the defendant, the plaintiff having assigned his interest in the Shonbar to the defendant at the time of the supposed purchase, some time before; that thereafter incorporation of the Shonbar was talked of, and it was understood and agreed between Hamilton and Lowrey and defendant—and this agreement was known to plaintiff, and assented to by him—that the interest of Hamilton and Lowrey would remain just the same in the organized company as it appeared in the bond and lease, and that said Hamilton and Lowrey should have a one-sixteenth of the entire stock in the incorporated company.

By the pleadings and the evidence, the question, therefore, of the existence of any partnership relation between plaintiff and defendant and Hamilton and Lowrey in the Shonbar, became a material issue.   Upon its correct determination necessarily depended the amount of any share of money due by any one partner to his fellow partners, but especially any amount that might be due from this defendant to plaintiff in the accounting ordered before the referee.   But, to establish defendant's liability, it was error to permit Hamilton's declarations made to plaintiff without the hearing of the defendant, to the effect that he did not claim to be a partner.   Such declarations, when made by one not a party to the suit, and offered to disprove the alleged fact of a partnership, are inadmissible to bind the defendant or disprove the existence of the partnership alleged. (*Teller* v. *Patten,* 20 How. 125; Lindley on Partnership 86; *Flournoy* v. *Williams,* 68 Ga. 707; *Converse* v. *Shambaugh,* 4 Neb. 376; *Sankey* v. *Iron Works,* 44 Ga. 229; *Brown* v. *Rains,* 53 Iowa 81, 4 N. W. 867; 2 Greenl. Ev. § 484.)   For this error the case must be remanded. Pankey, who, it is alleged, was one of the partners, testified.

The court found he was not a partner. Upon Pankey's rights in the accounting, no further order need be made, as we accept the finding excluding him from the partnership.

As the testimony of the declarations of Hamilton clearly went to the matter of the Shonbar incorporation only, and not to the Mary Ann accounts, no new trial need be had concerning the latter branch of the case.

It is likewise unnecessary to order a re-examination of the various items which enter into the Shonbar account between Wiggin and Fine. Fine had full opportunity to dispute their correctness, but negligently omitted to be present at the referee's hearing. He makes no sufficient showing to reopen the accounts themselves. The only question left to be retried is, were Hamilton and Lowrey partners with Wiggin and Fine in the Shonbar venture, and, if so, what interest had they? If not, the judgment of the court will remain. If they were partners, then let such deductions be made in the amounts found due by Fine to Wiggin as will reduce the amount of Wiggin's judgment to his actual interest in the firm, with relation to all partners. It appears that the referee reported Fine as indebted to Wiggin in the sum of $1,489.59 on the Mary Ann account. This amount was afterwards corrected by the court's finding that Wiggin omitted to include in the Mary Ann account $3,980.40 received by him from two sources. The plaintiff accepted this correction. Fine is therefore entitled to an application of this Mary Ann credit on the Shonbar matter, without regard to the rights of others, as it is found, without error, that there were no partners besides Wiggin and Fine in the Mary Ann.

The judgment is reversed, and the case is remanded, with directions to grant a new trial upon the issue of partnership in the Shonbar matter, and thereafter to proceed in accordance with the views herein expressed. Costs of this appeal to be taxed to respondent.

*Reversed.*

PEMBERTON, C. J., and DE WITT, J., concur.