GOW, Appellant, v. CASCADE SILVER MINES & MILLS
CO. et al., Respondents.

(No. 5,092.)

(Submitted March 2, 1923.  Decided March 19, 1923.)

[213 Pac. 1092.]

*Estates of Deceased Persons—Special Administrators—Powers
—Voting Stock of Estate—Record on Appeal—Absence of
Evidence—Presumptions—Implied Findings.*

Appeal and Error—Record—Absence of Evidence—Findings—Presumptions.

1.  Where the record on appeal in an equity case does not present the evidence, it will be presumed that there was a sufficient showing made to support the court's findings.

Special Administrators—Powers—Judgment of Probate Court—Collateral Attack.

2.  Determination of the question whether a special administrator may, under certain circumstances, exercise a power not specifically granted him by statute, is exclusively within the jurisdiction of the probate court, and its decision is conclusive as against collateral attack.

Same—Voting Corporate Stock—Statutes.

3.  *Held,* that the provision of section 5947, Revised Codes, that shares of stock owned by an estate may be represented by the executor or administrator, is broad enough to include a special administrator, if under any conceivable circumstances the probate court may authorize such officer, in the absence of statute in terms permitting it, to vote such stock.

Same.

4.  *Held,* that circumstances may arise in the administration of an estate in which the probate court, under section 10111, Revised Codes of 1921, may authorize a special administrator to vote corporate stock of the estate in order to preserve its value.

Same—Appeal—Evidence—Absence from Record—Presumptions—Implied Findings.

5.  In an action to enjoin the doing of certain acts authorized by a resolution at a meeting of stockholders of a corporation on the ground that a special administrator voted stock owned by the estate without authority so to do, it will be presumed on appeal from the judgment denying the injunction, in the absence of the evidence from the record, that a sufficient showing was made and a finding will be implied that the probate court had authorized the administrator to vote the stock.

*Appeal from District Court, Silver Bow County; Wm. E.
Carroll, Judge.*

[66 Mont. 488.]

Action by Paul A. Gow against the Cascade Silver Mines & Mills Co. and others. From a judgment for defendants, plaintiff appeals. Affirmed.

*Messrs. Walker & Walker* and *Messrs. Kremer, Sanders & Kremer,* for Appellant, submitted a brief; *Mr. Frank Walker* argued the cause orally.

A special administrator has not any authority to vote estate stock for the purpose of increasing the capitalization of the corporation in which the estate owns stock. (Secs. 10107 and 10111, Rev. Codes 1921; *In re Williams' Estate,* 55 Mont. 67, 1 A. L. R. 1639, 173 Pac. 790.) The manifest intention of the legislature was to make the special administrator a conservator of the estate; to collect together the assets and hold them intact for the purpose of delivering them over to the executor or general administrator. (Schouler on Executors & Administrators, sec. 135; Crosswell on Executors, sec. 223.) In the case of *State of Montana ex rel. Bartlett* v. *District Court,* 18 Mont. 481, 46 Pac. 259, it was contended by the special administrator that in order to preserve the estate involved it was necessary to pay a certain claim. In this case a special administrator was in possession of $90,000. The estate was solvent but was indebted to the First National Bank in the sum of $67,000 which sum was carrying interest at ten per cent per annum. The court in this case held, that even though it would be a saving to the estate of a large sum of interest annually, the special administrator had no authority to relieve the estate of the burden, and that any attempt to relieve the estate of the obligation would be null and void. (See, also, *Long* v. *Burnett,* 13 Iowa, 28, 81 Am. Dec. 420; *Henry* v. *Superior Court,* 93 Cal. 569, 29 Pac. 230.)

*Messrs. Norris, Hurd & Rhoades* and *Messrs. Maury & Melzner,* for Respondents, submitted a brief; *Mr. George E. Hurd* argued the cause orally.

It does seem to us that when the legislature commanded and empowered the special administrator to "Exercise such other

powers as may be necessary for the preservation of the Estate," (sec. 10107, Rev. Codes), "and to exercise such other powers as are conferred upon him by his appointment" (sec. 10111), it intended that he should preserve the value of a stock certificate as well as the stock certificate. Or if eggs of the estate were to be preserved he should, if possible, turn over to his successor the yolk and the white and not merely the shell.

We would be willing to rest our cause on the common-sense view of this statute as applied to these particular facts, but we are not without authority of the highest persuasion. "The administration is an entirety and extends to the whole of the estate so far as its assets are within the jurisdiction where the appointment is made." (Rev. Codes, sec. 7502; Woerner on American Laws of Administration, sec. 179.) The administrator has the exclusive right of control subject to the orders of the district court for the purpose of administration. (*In re Higgins,* 15 Mont. 474, 28 L. R. A. 116, 39 Pac. 506.) This is not less true of a special administrator, but his powers are limited in extent. He has exclusive control over the estate for the time being and until he is displaced by the appointment and qualification of the executor or general administrator. (*Murphy* v. *Nett,* 51 Mont. 82, L. R. A. 1915E, 797, 149 Pac. 713.)

It is not within the province of the court to eliminate plain words from a statute. If the evidence were before this court it might determine whether on the case made, it was necessary for preservation of the estate for the special administrator to vote. But without the evidence then to hold that O'Connor could not vote is virtually to strike from the statute the words quoted above. The present record is silent as to whether or not special authority to vote was conferred upon him by his appointment.

The appellant's brief multiplies authorities to sustain a point not disputed by us. We agree that the doctrine of, *State ex rel. Bartlett* v. *District Court,* 18 Mont. 481, 46 Pac.

259; *In re Ford's Estate,* 29 Mont. 283, 74 Pac. 735 and *In re Williams' Estate,* 55 Mont. 63, 1 A. L. R. 1639, 173 Pac. 790, is the settled law of this state. The summary of all of them is that it is the duty (and power) of a special administrator to exercise such powers as are necessary to collect and *preserve* the estate. Under the findings of fact of the trial court, that is exactly what he was doing.

MR. COMMISSIONER BENNETT prepared the opinion for the court.

Plaintiff and appellant commenced this action in the district court for Silver Bow county seeking to enjoin the defendants from doing certain acts contemplated by a resolution adopted at a meeting of the stockholders of the Cascade Silver Mines & Mills Co., a corporation. The corporation, its directors, and its secretary and treasurer, were made joint defendants and are the respondents. The action was instituted by a minority stockholder of the defendant corporation. It is based upon the contention that the action of the stockholders' meeting was invalid for the reason that there were not present a sufficient number of the shares of stock of the corporation to act upon the propositions to be, and which were, considered. There were two propositions advanced in the complaint in support of this contention. We are, however, concerned with but one of them. That one is that, of the total number present and voting, a certain number of shares were represented and voted by D. J. O'Connor, the special administrator of the estate of Charles D. McLure, deceased. It is alleged in the complaint that "the said D. J. O'Connor as such special administrator was not authorized in his capacity as such special administrator or otherwise, or at all, to vote" the stock of the estate. It is also alleged that the amount of the stock that was voted by the special administrator was sufficient so that without it the action of the meeting was invalid. Issue was joined, the cause tried by the court sitting without a jury, findings of fact and conclusions

of law were made, and judgment was entered in favor of the defendants. Plaintiff appealed and brings before us a record consisting of pleadings, minute orders, a bill of exceptions not including the testimony taken, requested findings, the court's findings of fact and conclusions of law, and the judgment appealed from. No testimony is before us.

There are several specifications of error relied on. In answer the respondents assert several propositions of law. We have considered all the questions and have concluded that the only one which requires notice is whether or not on the record before us we can say that the court erred in entering the judgment of dismissal. While appellant's argument appeals to us with much force, we are constrained to conclude that the judgment should be affirmed.

The only question which we will discuss is whether or not [1] the special administrator had the authority to vote the stock of the deceased, Charles D. McLure. This issue was before the trial court under the pleadings, and since the evidence is not before us, we are concluded by the presumption that the court correctly found in favor of the defendants. (See *Boe* v. *Hawes*, 28 Mont. 201, 72 Pac. 509.)

Appellant contends that the act of the special administra- [2] tor in voting the stock was void. In support of this contention, he relies upon the decisions of this court holding that the powers of a special administrator are limited to the performance of acts which are *necessary* for the collection and preservation of the estates of a decedent. That rule has been announced many times by this court, the most recent statement being found in the case of *In re Williams' Estate*, 55 Mont. 63, 1 A. L. R. 1639, 173 Pac. 790. The cases cited, however, do not establish a rule which precludes a special administrator from voting stock belonging to the estate.

In the pleadings in the case, the findings of fact, and the [3–5] argument of counsel, much space is devoted to a determination of the question as to whether or not the act of

the special administrator in voting the stock was done in furtherance of his power and duty to preserve the estate. In our opinion the determination of that question was one which was within the probate jurisdiction of the district court alone. No other issue being presented by the pleadings, a court of equity was without jurisdiction to enjoin the defendants unless it can be said that in no event can such power be granted to a special administrator. If the authority cannot be granted under our statutes, then the plaintiff herein was entitled to the relief demanded. However, if there is any situation under which such authority can be granted to a special administrator, it is exclusively within the probate jurisdiction of the court to adjudicate as to the necessity. Whenever the court so sitting shall determine whether or not such power shall exist, its order is conclusive as against a collateral attack.

Again calling attention to the fact that the testimony is not before us and that we have no means of ascertaining just what extraordinary powers might have been conferred on this special administrator, we are left to determine the question of whether authority can possibly be granted to vote stock.

Plaintiff cites the provisions of section 5947 of the Revised Codes of 1921, which reads: "The shares of stock of an estate of a minor, or person of unsound mind, may be represented by his guardian, and of a deceased person by his executor or administrator." He asserts that under the rule, "*Expressio unius est exclusio alterius,*" the conclusion is compelled that special administrators have no authority to vote the stock of deceased persons. We cannot agree with this conclusion. If a court within its probate jurisdiction may, under any conceivable state of circumstances, authorize such action, then the word "administrator" as used in that section is sufficiently comprehensive to permit it.

As was said in effect in the case of *In re Williams, supra,* ordinarily we do not look beyond the express terms of the

statutes to determine the extent of the powers of special administrators. If we were limited to the powers specifically enumerated, in all probability we would be compelled to conclude that stock voting was not among them. There is, however, the provision in section 10111, Revised Codes of 1921, which in defining the duties of such an administrator to act, enumerating the powers and duties, says that he may "exercise such other powers as are conferred upon him by his appointment." As was said in *State ex rel. Bartlett* v. *District Court*, 18 Mont. 485, 46 Pac. 261, that provision "is but a further power to do what may be necessary to collect and preserve." "The additional powers are only such as are incident to those designated, or in line with them." (*In re Welch's Estate*, 106 Cal. 427, 39 Pac. 806.)

Nevertheless, it is apparent that contingencies may arise which will authorize the court sitting in probate under the quoted provision of section 10111, *supra*, to direct a special administrator to do things which are not specifically enumerated in the statute. For example, a decedent may leave a building in such a condition that it is badly in need of repair. A special administrator may, upon proper application, be authorized to make such repairs. (See *In re Moore's Estate*, 88 Cal. 1, 25 Pac. 915.) If he were limited to the powers expressly mentioned, he could only take possession, "preserve from damage, waste and injury," leaving it to the general administrator to make the repairs.

We are of the opinion, therefore, that conditions may arise where in order to preserve the value of stock, and thus to preserve the value of an estate, a court, in the exercise of its probate jurisdiction, may authorize a special administrator to participate in a meeting of the stockholders of a corporation, stock in which was owned by a decedent at the time of his death, as one of his necessary incidental powers. Among the instances might be one where the existence of a thriving corporation which could be lawfully extended would expire between the time of the death of the owner of a majority of

its stock, and before an executor or general administrator could be appointed. Certainly, in such case, the "fair import" of the terms of our statutes would permit the court to authorize a special administrator to act or "preserve the estate for the executor or administrator."

That it is not alone the specific property which is to be preserved, but the value as well, is shown by the provision for the sale by a special administrator of perishable property.

By the adoption of section 5947, *supra,* the legislature must have had in mind that the value of an estate could in instances be preserved by permitting stock belonging to it to be voted.

In the case at bar the only question which the court could determine was whether the extraordinary power of voting the stock had been conferred upon the special administrator. The question of the authority having been properly before the trial court, in the absence from the record of the evidence we must presume that a sufficient showing was made, and a finding will be implied that by an order duly given and made by the court having jurisdiction, the special administrator was authorized to vote the stock of Charles D. McLure at the stockholders' meeting in question. We cannot say that the trial court erred in entering judgment for defendants.

We recommend that the judgment be affirmed.

Per Curiam: For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

*Affirmed.*

Rehearing denied April 11, 1923.