STATE EX REL. REID, RELATOR, *v.* DISTRICT COURT, RESPONDENT.

(No. 5,349.)

(Submitted September 10, 1923. Decided September 15, 1923.)

[218 Pac. 558.]

*Certiorari—Criminal Law—Misdemeanors—Judgment—Modification of Sentence in Process of Execution Void.*

Misdemeanors—Modification of Sentence in Process of Execution Void—Excess of Jurisdiction—Pardoning Power.
 1. *Held,* on *certiorari,* that the power given the district court by section 12031, Revised Codes of 1921, to reduce the extent of punishment fixed by the jury in a criminal prosecution, must be exercised prior to or at the time judgment is pronounced, and that therefore an order reducing a fine and jail sentence after the judgment had been in process of execution for a number of days was void as in excess of jurisdiction, and an encroachment upon the pardoning power reposed by the Constitution in the governor and the state pardoning board.

Same—Suspension of Sentence—Placing Defendant on Probation—Part of Judgment.
 2. An order suspending a sentence for a misdemeanor and placing defendant upon probation must be made at the time the sentence is pronounced and becomes part of the judgment itself.

Judgment—Setting Aside After Rendition not Permissible—Exception.
 3. After a judgment has been rendered the trial court may not set it aside except on motion for new trial, and any other relief from its provisions must be sought from the supreme court.

Original application for writ of *certiorari* by the State, on the relation of Edgar P. Reid, County Attorney, to annul an order of District Court of the Fifth Judicial District, in and for the County of Madison, and Joseph C. Smith, a Judge thereof.   Order annulled.

*Mr. Edgar P. Reid* and *Mr. Lester Loble,* for Relator, submitted a brief; *Mr. Loble* argued the cause orally.

No appearance in behalf of Respondent.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

A jury found Joe Held guilty of assault in the third degree, fixing his punishment at six months in the county jail and a fine of $500. Five days later the court pronounced a judgment in accordance with the verdict. In the judgment the court provided that in case of default in the payment of the fine or any part thereof, the defendant should be imprisoned in the county jail one day for each $2 of the fine, or so much thereof as should be unpaid, and further that the jail sentence imposed should not be concurrent with, but in addition to, the time served for default in payment of the fine. Thereupon the prisoner was committed to jail and began serving his sentence. Eight days later the court, assuming to act under the provisions of section 12078, Revised Codes of 1921, entered an order "that said jail sentence, to the extent of five months thereof, be and the same is suspended, and said punishment is reduced to the payment of a fine of $500 and the service of thirty days in the county jail of Madison county, Montana, and said defendant is this day again remanded to the custody of the sheriff of Madison county, Montana, to complete said service as herein specified," and further provided that, in the event the defendant did not pay the fine by the time the jail sentence of thirty days had expired, then the sheriff should hold the defendant in custody to serve out the fine at the rate of one day for each $2 thereof. Thereupon the county attorney of Madison county, as relator, made application to this court for an order annulling the order of the district court, upon the ground that that court in making such order acted in excess of jurisdiction.

Relator's contention must be sustained. By the provisions **[1-3]** of section 12031, Revised Codes of 1921, it is within the power of the court to reduce the extent or duration of the punishment assessed by the jury if, in its opinion, the conviction was proper and the punishment greater than should be inflicted. But that power must be exercised prior to or at the time judgment is pronounced.

Under the terms of section 12078, in all prosecutions for crimes or misdemeanors, except as provided in section 12079, the court may, under the conditions prescribed by the statute, suspend the execution of the sentence and place the defendant on probation. Assuming that the court had the power to suspend the execution of Held's sentence and to place him upon probation, that power, too, must have been exercised at the time the sentence was pronounced. When an order suspending sentence under this section is made, it is, in effect, a part of the judgment itself. It is the court's direction as to how the judgment shall be carried into effect.

"When the judgment has been rendered, the court loses jurisdiction over the subject matter, other than to see that the entry of it as rendered is made by the clerk, and that the rights fixed by it are properly enforced. (*State ex rel. McHatton* v. *District Court,* 55 Mont. 325, 176 Pac. 608, and cases cited.)" (*State* v. *Fowler,* 59 Mont. 346, 357, 196 Pac. 992, 197 Pac. 847.) The court may, of course, amend a judgment to express what was actually decided; but it "cannot, upon a change of mind, after having rendered a judgment determining the rights of the parties, set aside such a judgment, or modify it, so as to alter or change the rights fixed by it as originally made." (*State ex rel. McHatton* v. *District Court, supra.*) The judgment, having been rendered, may not be set aside by the trial court, except upon motion for a new trial. Other relief from its provisions must be sought from the appellate court. In the instant case the judgment was final. Its execution was in process when the order complained of was made; the defendant was actually serving his sen-

tence. This being so, another cogent reason appears, commanding the annulment of the order: In making it the court sought to exercise a power which the Constitution reposes in the governor and board of pardons under the provisions of section 9, Article VII, which reads in part as follows: "The governor shall have the power to grant pardons, absolute or conditional, and to remit fines and forfeitures, and to grant commutation of punishments and respites after conviction and judgment for any offenses committed against the criminal laws of the state: Provided, however, that before granting pardons, remitting fines and forfeitures, or commuting punishments, the action of the governor concerning the same shall be approved by a board, or a majority thereof, composed of the secretary of state, attorney general and state auditor, who shall be known as the board of pardons."

Under our theory of the division of governmental powers it is essential that neither department of the government shall be permitted to trench upon the prerogatives of the other, and certainly the judicial department will not intentionally arrogate to itself any powers not properly belonging to it.

It follows that the court, in making the order complained of, did something which it had no right to do, and what it did was in excess of its jurisdiction. The order of the district court of Madison county purporting to suspend or reduce the jail sentence of Joe Held is annulled.

*Order annulled.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.