STABLER, RESPONDENT, *v.* ADAMSON ET AL., APPELLANTS.

(No. 5,623.)

(Submitted May 21, 1925. Decided June 4, 1925.)

[237 Pac. 483.]

*Suretyship—County Officers—Constables—Official Bond—Absence of Approval by District Judge—Effect on Liability of Surety—New Trial Procedure—Statutory Provisions Exclusive—Jurisdiction.*

Judgment—Court Loses Jurisdiction on Rendition.
    1.   Upon rendition of the judgment the district court loses jurisdiction over the subject matter of the action other than to see that proper entry of it is made by the clerk and that the rights fixed by it are properly enforced, and thereafter it cannot set it aside except on motion for a new trial.

New Trial Procedure—Statutory Mode Exclusive.
    2.   The mode of procedure prescribed by the statute in connection with a motion for a new trial is exclusive.

Same—Notice—Time of Filing—Extension Unauthorized.
    3.   To give the district court jurisdiction over new trial proceedings, the notice of intention—the purpose of which is to bring within its jurisdiction the parties to the action whose interests would be adversely affected by the granting of the motion—must, under section 9399, Revised Codes of 1921, be filed within ten days after return of the verdict, and such time cannot be extended by order of court or stipulation.

---

3.   See 20 R. C. L. 302.

Same—Notice not Served in Time—Extension of Time for Filing Bill of
Exceptions—Order After Expiration of Time Unauthorized.

4. Where notice of intention to move for a new trial was not filed
until eleven days after return of the verdict, the court was without
jurisdiction to entertain it, and any orders made by it thereafter
upon the assumption that the motion for new trial was still pending
were void; hence an order made thereafter granting movant an
extension of time within which to file his bill of exceptions was
null, rendering the bill subject to a motion to strike from the
record.

Constables—Official Bond—Approval by District Judge—Absence of Ap-
proval Mere Defect—Bond Valid.

5. While the official bond of a constable is required by section 471,
Revised Codes of 1921, to be approved by the district judge before
filing with the county recorder, where, though properly filed, it was
not so approved, and the officer assumed office and performed his
duties during his entire term with the acquiescence of the surety, ab-
sence of approval by the judge will be held to have been a mere
defect, which under section 484 does not render the bond void so as
to discharge the surety from liability.

Appeal and Error, 4 C. J., sec. 1892, p. 282, n. 16.
Judgments, 34 C. J., sec. 436, p. 210, n. 8.
New Trial, 29 Cyc., p. 921, n. 13; p. 939, n. 57; p. 940, n. 64, 70
Sheriffs and Constables, p. 1512, n. 87.

*Appeal from District Court, Lewis and Clark County;
W. H. Poorman, Judge.*

ACTION by Erma M. Stabler against J. M. Adamson and
others. From a judgment for plaintiff, defendants appeal.
Affirmed.

*Messrs. Spaulding & McConnell,* for Appellants, submitted
a brief; *Mr. C. A. Spaulding* argued the cause orally.

From sections 471, 473 and 474, Revised Codes of 1921, it
is apparent that the state has provided generally under what
conditions official bonds shall be accepted by it. These con-
ditions may be said to be: 1. That as to form and sufficiency
of the sureties a district judge shall judicially pass upon the

4. Computation of time for filing motion for new trial by exclusion
or inclusion of Sunday or holiday, see note in **Ann. Cas.** 1917E, 939,
952.

5. See 22 **R. C. L.** 500.

same; 2. That this having been done, the county clerk shall receive such bonds and by filing them accept them on behalf of the state; and 3. That until such approval the county clerk must not file such bonds, nor can he accept them on behalf of the state.

No other person than a district judge can approve such bonds. No one but a county clerk can accept them on behalf of the state, nor can he accept them unless and until they are approved. In other words, the approval does not validate what would otherwise be a void obligation, but it is the only means provided for such obligation to be accepted by the state and thereby become a completed contract—an offer and an acceptance. (See *People* v. *Kneeland,* 31 Cal. 288; *Mangrum* v. *Truesdale,* 128 Cal. 145, 60 Pac. 775; *United States* v. *LeBaron,* 19 How. (U. S.) 73, 15 L. Ed. 525 [see, also, Rose's U. S. Notes]; *Paxton* v. *State,* 59 Neb. 460, 80 Am. St. Rep. 689, 81 N. W. 383; *Estate of Ramsay* v. *People,* 197 Ill. 572, 90 Am. St. Rep. 177, 64 N. E. 549; *United States etc. Pump Co.* v. *Drexel,* 53 Neb. 771, 74 N. W. 317.)

*Mr. A. P. Heywood* and *Mr. C. E. Pew,* for Respondent, submitted a brief; *Mr. Pew* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

At the general election held in the month of November, 1920, the defendants Adamson and Hageman were each elected to the office of constable of Helena township, Lewis and Clark county, and each of said defendants thereafter subscribed and duly filed his oath of office as such officer. On December 27, 1920, the defendant Adamson, with the defendant Maryland Casualty Company as his surety, executed an official bond in due form, which was approved by the county clerk of Lewis and Clark county on January 3, 1921. On December 31, 1920, the defendant Hageman,

with the defendant Fidelity & Deposit Company of Maryland as his surety, executed an official bond in due form, which was approved by the county clerk of Lewis and Clark county on that date. Both of these bonds were filed in the office of the county clerk of Lewis and Clark county on the dates of their approval, and recorded in the book of official bonds and oaths. The defendants Adamson and Hageman each entered into their said offices, and continued to act as constables of said township during the term for which they had been elected, to-wit, for a period of two years from the first Monday of January, 1921.

Under a writ of attachment duly issued out of a justice's court of Lewis and Clark county on August 7, 1922, in an action against one Andy Tomcheck, the defendants Adamson and Hageman, as such constables, and by virtue of said writ of attachment, levied upon a certain automobile. The plaintiff claimed that the automobile belonged to her, and served written notice of her claim upon said constables, and demanded its return to her, which notice was disregarded and the demand refused. Judgment was subsequently obtained against the defendant in the attachment suit, execution issued upon said judgment, the automobile sold thereunder by the defendants Adamson and Hageman, and the proceeds of the sale by them applied to the satisfaction of the amount called for under the writ of execution. Pursuing her claim that the automobile levied upon under said writ belonged to her, the plaintiff brought this action to recover damages for its conversion by the defendants Adamson and Hageman, joining the sureties on their official bonds as defendants. The amended complaint sets out all of the above facts in detail, and in addition thereto suggests a defect in the official bonds of the defendants Adamson and Hageman, in that they were not approved by a judge of the district court of Lewis and Clark county as required by law, prior to their being filed by the county clerk. All of the defendants joined in a gen-

eral and special demurrer to the complaint, which was over-
ruled; whereupon they filed a joint answer in which the
plaintiff's ownership of the automobile at the time of the
levy upon and sale of the same was put in issue. The case
was tried before a jury, which returned a verdict in favor
of the plaintiff on May 2, 1924. Upon this verdict a judg-
ment was duly rendered and entered on May 3, 1924, and
from this judgment the defendants have appealed.

In the transcript on appeal, defendants have incorporated
a bill of exceptions which was allowed and settled by the
judge of the trial court on October 29, 1924. Counsel for
plaintiff have moved to strike this bill of exceptions from
the record, for the reason that the same was not served,
settled or filed within the time allowed by law. The facts
necessary to be considered in connection with this motion are
as follows:

On May 13 defendants served upon counsel for plaintiff,
and filed with the clerk, a notice of their intention to move
for a new trial, which stated that the same would be made
upon the minutes of the court; and on May 14, on their
application, counsel for defendants were granted "sixty days
in addition to the statutory time allowed in which to pre-
pare, serve, and file bill of exceptions herein." Following
this time, counsel for defendants served notice on plaintiff
that on July 21 they would move the court for a new trial
of the cause, on the grounds stated in their notice of inten-
tion filed on May 13. Before this motion was called for
hearing, counsel for plaintiff. "moved to strike said motion
for a new trial and the notice thereof" from the files, on
the ground that they were served and filed too late. On July
24 the court overruled defendants' motion for a new trial, but
did not pass upon plaintiff's motion to strike, "for the reason
that the matters therein involved were considered by the
court in passing upon defendants' motion for a new trial."
By subsequent orders the court granted defendants to and

including October 15 in which to prepare and serve their bill of exceptions. The proposed bill was served on October 14. Counsel for plaintiff objected to its settlement, and moved to strike it from the files on the ground that the court had no jurisdiction to entertain any proceedings based on the notice of intention to move for a new trial served on May 13, because such notice was served too late. This motion was overruled, and thereafter, on October 29, the proposed bill of exceptions was allowed and settled by the court.

Section 9399, Revised Codes of 1921, provides: "The party desiring a new trial must, within ten days after the return of the verdict * * * serve upon the adverse party and file with the clerk a notice of motion for a new trial, designating the grounds upon which the motion will be made and whether the same will be made upon affidavits or the minutes of the court, or both. The time above specified shall not be extended by order or by stipulation."

Section 9390 provides: "Whenever a motion for a new trial is pending, no bill of exceptions need be prepared or settled until the decision of the court upon motion for a new trial has been rendered, but a bill shall be prepared and settled in the same manner and within the same length of time after the decision on the motion for a new trial as is hereinafter provided for the making and settling of bills of exceptions. Except as above provided, the party appealing from a final judgment, if he desires to present on appeal the proceedings had at the trial, must, within fifteen days after the entry of judgment if the action was tried with a jury, * * * or within such further time as the court or judge thereof may allow, not to exceed sixty days, except upon affidavit showing the necessity for further time, prepare and file with the clerk of the court and serve upon the adverse party a bill of exceptions, containing all of the proceedings had at the trial upon which he relies," *etc.*

From an inspection of the foregoing record, it is apparent that the defendants' proposed bill of exceptions was not prepared under that portion of section 9390 which authorizes a party to present the proceedings had at the trial on an appeal from a final judgment without a motion for a new trial, since the time for the preparation of such a bill of exceptions under the time granted by the order of the court expired seventy-five days from May 3, or on July 17; hence the right to use said bill of exceptions on this appeal must be determined entirely with reference to the proceedings had under the defendants' motion for a new trial.

When a judgment has been rendered, the court loses jurisdiction over the subject matter, other than to see [1] that the entry of it, as required, is made by the clerk, and that the rights fixed by it are properly enforced, and it cannot be set aside by the trial court except upon motion for a new trial. (*State ex rel. McHatton* v. *District Court,* 55 Mont. 324, 176 Pac. 608; *State ex rel. Reid* v. *District Court,* 68 Mont. 309, 218 Pac. 558.)

The statute prescribes the course of proceedings to be observed in connection with a motion for a new trial, and [2] these proceedings are exclusive. (*Evans* v. *Oregon Short Line R. R. Co.,* 51 Mont. 107, 149 Pac. 715.) The notice of intention is the first step. Its purpose is to initiate the [3] proceeding, just as the purpose of the original summons is to initiate the original action, and its chief function is to bring within the jurisdiction of the court those parties to the original action whose interests would be adversely affected by the granting of the motion. (1 Hayne on New Trial and Appeal, sec. 12.)

To give the court jurisdiction over the new trial proceedings, the notice of intention must be given within ten days after the return of the verdict of the jury, as prescribed by section 9399, *supra,* and this section expressly declares that such time cannot be extended by order or stipulation. In

the absence of such a notice, the court is without jurisdiction to act. (*Ogle* v. *Potter*, 24 Mont. 501, 62 Pac. 920.)

In *Evans* v. *Oregon Short Line R. R. Co.*, *supra*, this court said: "If a court has not jurisdiction of the subject of an action, a judgment rendered therein does not adjudicate anything. It does not bind the parties, nor can it thereafter be made the foundation of any right. It is merely a nullity without life or vigor. Even an Act of the Legislature cannot give it life. The infirmity appearing upon its face, its validity can be assailed on appeal or by motion to set it aside, in the court which rendered it, or by objection to it when an effort is made to use it as evidence in any other proceeding to establish a right. The same principle applies to an order made on motion for a new trial or an order in any other proceeding when the court is without, or has lost, jurisdiction."

Since it appears that the defendants' notice of intention [4] to move for a new trial was not served or filed until eleven days after the return of the verdict of the jury, it was one day too late, and the court had therefore lost jurisdiction to entertain a motion for a new trial of the cause. Being without jurisdiction to entertain the motion, any orders made or proceedings had, based on the assumption that such a motion was pending, were mere nullities, without life or vigor. From this it follows that the purported bill of exceptions has no proper place in the proceeding. It cannot be considered by the court on this appeal, and the plaintiff's motion to strike it from the record is sustained. This leaves for consideration only the judgment-roll.

It is contended that the complaint does not state a cause [5] of action against the defendants Maryland Casualty Company and Fidelity & Deposit Company of Maryland, the sureties on the official bonds of the two constables, for the reason that it affirmatively shows that these bonds were never approved by a judge of the district court, as required by the

statute then in force, now section 471, Revised Codes of 1921, which section further provides that such bonds shall be filed and ·recorded in the office of the county recorder.

Counsel's argument is that the filing of an official bond with the county recorder constitutes its acceptance by the state, that, until the bond is legally filed with this officer, it is not accepted, and, since section 474 provides: "No officer with whom any official bond is required to be filed must file such bond until approved"—there could be no legal filing of the bond by the county recorder without the prior approval of a district judge; *ergo,* these bonds were never accepted by the state, and hence no liability ever attached to the sureties thereon.

Paragraph 3 of the amended complaint alleges the election of the defendant Adamson to the office of constable at the November, 1920, election; that he filed his oath of office and executed a bond for the faithful discharge of his duties as such constable as required by law; that said bond was filed in the office of the county recorder of Lewis and Clark county without being approved by a district judge; and "that, ever since the filing thereof as aforesaid, said bond has been and still is in full force and effect."

Paragraph 4 thereof reads as follows: "That on the first Monday of January, 1921, said defendant J. M. Adamson entered upon his duties as such constable, and continued to act as such constable during his term of office, which expired two years ⸃after the first Monday of January, 1921; that said bond was acted upon by said Adamson and by said Maryland Casualty Company and by the county officials of said Lewis and Clark county as the official bond of said Adamson as such constable; that for two years immediately succeeding said first Monday of January, 1921, said defendant J. M. Adamson was a duly elected, qualified, and acting constable of said Helena township."

Paragraph 5 contains allegations concerning the election of the defendant Hageman, identical in every respect with the allegations contained in paragraph 3 as to the defendant Adamson, and paragraph 6 is in the same words as paragraph 4, except that it refers to the defendant Hageman and his surety instead of the defendant Adamson and the Maryland Casualty Company, the latter's surety.

In other words, the allegations of the amended complaint are that, during the period of two years from the first Monday of January, 1921, to the first Monday of January, 1923, these bonds were in full force and effect as the official bonds of the defendants Adamson and Hageman, and that they were acted upon as such by all of· the defendants, as well as the officer of Lewis and Clark county who was duly authorized to receive and accept them as valid obligations.

These bonds should have been approved by a judge of the district court of Lewis and Clark county before being offered to the county recorder for filing, but the statute in effect at that time (sec. 393, Rev. Codes 1907—now sec. 484, Rev. Codes 1921) provides: "Whenever an official bond does not contain the substantial matter or conditions required by law, or there are any defects in the approval or filing thereof, it is not void so as to discharge such officer and sureties; but they are equitably bound to the state or party interested; and the state or such party may, by action in any court of competent jurisdiction, suggest the defect in the bond, approval, or filing, and recover the proper and equitable demand or damages from such officer and the persons who intended to become and were included as sureties in such bond."

In the language of the law, the word "defect" is used to. signify a lack or absence of something essential to completeness; the want or absence of some legal requisite; the want of something required by law. (Black's Law Dictionary; Bouvier's Law Dictionary.)

In the case of *Deer Lodge County* v. *United States F. & G. Co.*, 42 Mont. 315, Ann. Cas. 1912A, 1010, 112 Pac. 1060, it appeared that the bond of a county treasurer had not been approved by the district judge as the statute required, but it was held that, in view of the curative provisions of the above-quoted section, this want of approval did not work a release of the surety on the bond.

In the instant case, according to the allegations of the amended complaint, the two bonds were in fact delivered to and filed in the proper office, and by virtue of such delivery and filing the defendants Adamson and Hageman were inducted into their offices, and, during the entire term for which they had been elected, assumed the privileges, performed the duties, and exercised the authority appertaining thereto, with the acquiescence of their sureties, the defendants Maryland Casualty Company and Fidelity & Deposit Company of Maryland. When these bonds were thus delivered to and filed by the proper officer, they passed beyond the control of the makers, and could not then have been recalled. There was then an actual delivery and acceptance of them on the part of the state by the proper officer. While section 474 says that they should not have been filed by him until they had been approved by a judge of the district court, it does not make them void if filed without such approval. The most that can be said under these circumstances is that the filing was defective—that there was a want of something required by law—but, under the provisions of section 484, this defect did not render them void so as to discharge the sureties from their liability thereon.

The language quoted by counsel for defendants from *People* v. *Kneeland*, 31 Cal. 288, as sustaining their position, is purely *dictum*, and a careful reading of that case shows that the point here under consideration was not involved at all.

[73 Mont. 490.]

The case of *Mangrum* v. *Truesdale,* 128 Cal. 145, 60 Pac. 775, involved the construction of a builder's bond. The statute under which the bond was given provided that it should be filed with the contract in the recorder's office, or it should be void. The bond on which the suit was based had not been filed with the contract in the recorder's office, and the court held that under the statute the bond was void, and no liability of the sureties attached thereon.

In *Estate of Ramsay* v. *People,* 197 Ill. 572, 90 Am. St. Rep. 177, 64 N. E. 549, cited by counsel, the court amongst other things, held, as stated in the fifth paragraph of the syllabus: "In an action on an official bond, no express delivery and acceptance of the bond need be shown; but, if the official in fact enters on his duties, and the bond passes into the possession of the proper authorities, a proper delivery and acceptance is *prima facie* proven."

The other cases cited in counsel's brief do not aid them in their argument, since they go only to the extent of holding that the delivery and acceptance of the bond of a public officer are necessary before it becomes a valid obligation.

It is our opinion that the amended complaint states a cause of action against the sureties on the official bonds of the defendants Adamson and Hageman.

The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN and MATTHEWS concur.

MR. CHIEF JUSTICE CALLAWAY, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.