STATE EX REL. MONTEATH ET AL., RELATORS, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 7,326.)

(Submitted September 24, 1934. Decided October 9, 1934.)

[37 Pac. (2d) 567.]

*Mr. W. D. Kyle* and *Mr. Gerald S. Frary,* for Relators, submitted a brief; *Mr. Kyle* argued the cause orally.

*Mr. Horace W. Judson,* for Respondents, submitted a brief.

MR. JUSTICE STEWART delivered the opinion of the court.

Certiorari to the district court of Glacier county. On the application of James H. Monteath and Sadie L. Monteath,.made on the affidavit of their attorney, W. D. Kyle, Esq., and filed on June 29, 1934, this court caused a writ of certiorari to issue, commanding the district court of Glacier county to certify its transcript of the record of the proceedings had in that court in relation to the entry of an amended judgment in a cause wherein James H. and Sadie L. Monteath were the plaintiffs, and Uldene V. Monteath, as executrix of the will of James S. Monteath, and Uldene V. Monteath personally, were the defendants, to the end that the same might be reviewed by this court. Briefs were filed by both parties, and oral argument was presented by relators.

The cause wherein the differences arose between the parties, and the one to be reviewed here is the one last above men-

tioned. The action was filed and tried in the respondent district court. It should be noted, however, that the pleadings and testimony in the action under consideration were not filed in this court and are not part of the record before it. We only have for consideration as the record in the case the findings of fact and conclusions of law made by the court, the original judgment and the amended judgment later entered. The right to enter the latter is the subject of the controversy here.

It appears that the plaintiffs and their son James S. Monteath, now deceased, operated a hotel in partnership at Glacier Park, Montana. After the death of James S. Monteath, the defendant Uldene V. Monteath qualified as executrix of his will. Differences arose between plaintiffs and the executrix, the widow. A claim was presented by plaintiffs against the estate for a balance of account, and a demand was made for the annulment of a certain deed and contract executed by the plaintiffs and James S. Monteath during his lifetime. It was claimed that the deed and contract were illegal because fraudulently obtained. The court in its findings of fact and conclusions of law, and in both judgments, sustained this contention. There is no issue as to them before this court. The controversy involves only the balance of account.

After the death of James S. Monteath the books of the partnership were audited. This audit disclosed the respective amounts drawn by each of the partners and evidenced the balance of each.

The defendants also urged a cross-complaint based upon a note given by James S. Monteath, the deceased, to plaintiffs for a share in the partnership. The pleadings included all items or differences in the account, so that when the court finally heard the matter, it was in effect an accounting action, and the case was tried as such before the court without a jury. The court took the matter under advisement, and, as stated, later filed findings of fact and conclusions of law. Judgment was entered thereon February 21, 1934. The court

in the entry of judgment assumed to enter the same in accordance with the findings of fact and conclusions of law.

On April 4, 1934, the defendants, alleging that the judgment was incorrect and had been inadvertently made by the court and filed by the clerk, filed a motion seeking to have the judgment corrected and amended to comply with the findings of fact and conclusions of law thereinbefore made and filed. This motion was based upon the court's conclusion of law designated as No. III. In this conclusion of law the court found that the estate of James S. Monteath had a credit balance on the partnership books in the amount of $492.22, "for which judgment will be entered herein in favor of said estate and against the plaintiffs as the surviving partners of said partnership." Defendants asserted that in view of this conclusion of law, the judgment was incorrect in ordering a dismissal of the cross-complaint. The motion was noticed and heard, and on June 21, 1934, the court made and rendered an amended judgment. In this amended judgment the provisions of the previous judgment relative to all the issues, except the balance of $492.22, were repeated and included without change. In that respect, however, it provided that the defendants recover upon their cross-complaint the sum of $492.22, less $125 awarded as costs to plaintiffs in the original judgment. Both judgments recite the findings of fact and conclusions of law in identical form. Each of the parties contend that the judgment upon which he stands is in accordance with the findings of fact and conclusions of law.

This proceeding is prosecuted by the plaintiffs for a writ of certiorari to annul the amended judgment so that the original judgment may stand unimpaired. Relators, hereinafter called plaintiffs, contend that the trial court was wholly without jurisdiction or power to render the amended judgment.

In order to understand the contentions of the parties, it will be necessary to review some of the facts. The original judgment recited the fact that the plaintiffs had a credit balance of $7,238.63, and that the defendant estate had a credit balance of $492.22 upon the partnership books. It then continued

with the following recitation, "but to pay which said (credit) balances there is no partnership property, all property acquired during the partnership having been bought with the funds of the plaintiffs." This recitation in the judgment is not necessarily contrary to, or in conflict with, the conclusion of law quoted above, to-wit: that "judgment will be entered herein in favor of said estate and against the plaintiffs as the surviving partners of said partnership." In fact, the conclusion of law indicates that the judgment should have been taken against the plaintiffs personally, rather than against any partnership property.

It should be noted, however, that in spite of the conclusion of law the court failed to decree in its judgment that the defendants should have judgment against the plaintiffs for the amount of the credit balance. Instead it decreed that "defendant Uldene V. Monteath do not recover on her cross-complaint, and that the same be and is hereby dismissed." It is possible that this was an oversight on the part of the court in rendering the judgment. The court may have intended to award a judgment in favor of the estate against plaintiffs personally for the amount of the credit balance of $492.22. If this had been done, it would have conformed to the court's conclusion of law No. III. In the state of the record we are unable to pass upon the correctness of the court's findings of fact and conclusions of law.

It does not appear in the findings of fact or the conclusions of law that there was any claim or demand in defendant's cross-complaint for the amount of the credit balance in question. From all that appears defendant based her cross-complaint entirely upon a claim with respect to a $1,400 note mentioned in the findings of fact. To this extent the amended judgment fails to conform to the court's findings of fact and conclusions of law. According to the conclusion of law, the credit balance of $492.22 was adjudged to be in favor of the estate only; in spite of it the amended decree carried a judgment in favor of the estate and also to Uldene V. Monteath

personally. In this particular there is a lack of uniformity with the findings of fact and conclusions of law.

Briefly, the situation appears to be as follows: Neither the original judgment nor the amended judgment is in strict conformity with the court's findings of fact and conclusions of law. From the record before us it is impossible to determine whether the court inadvertently overlooked awarding the defendants the amount of the credit balance in the first judgment, or whether it was of the opinion that the defendants could recover nothing upon the credit balance, since there was no partnership property.

Plaintiffs contend that the original judgment was in conformity with the findings of fact and conclusions of law. Defendants claim that the amended judgment is in conformity with the findings of fact and conclusions of law made by the court. A careful study of the findings and conclusions leads us to the conclusion that there are findings and conclusions sufficient to support either contention, if certain other findings and conclusions are ignored. The best we can make out of it is that the findings of fact and conclusions of law, when taken as a whole, are confusing and conflicting.

It must be remembered that it is the judgment, and not the findings and conclusions, that is of primary importance here. "Findings of fact and conclusions of law made by the district court do not constitute its judgment; they are merely the foundation for a judgment." (*Galiger* v. *McNulty*, 80 Mont. 339, 260 Pac. 401.)

It is not necessary for us to decide the merits of the contentions of the parties as to which judgment really conformed to the findings and conclusions. There is ample precedent to justify the court in attempting to make the judgment express what it had actually decided. In the case of *Jennings' Estate*, 79 Mont. 73, 254 Pac. 1067, the court said: "It is the generally accepted rule that courts have the inherent power to correct and amend their judgments so that they shall truly express that which was actually decided, where it appears from the face of the record that a clerical mistake

has been made in setting forth correctly that which was in fact determined by the court." To the same effect are *Oregon Mortgage Co., Ltd.,* v. *Kunneke,* 76 Mont. 117, 245 Pac. 539; *Merhar* v. *Powers,* 73 Mont. 451, 236 Pac. 1076; *Stabler* v. *Adamson,* 73 Mont. 490, 237 Pac. 483; *Kline* v. *Murray,* 79 Mont. 530, 257 Pac. 465; *St. Onge* v. *Blakely,* 76 Mont. 1, 245 Pac. 532.

The most serious question involved is whether certiorari is the proper remedy. The writ will not issue when a remedy by appeal exists. (Sec. 9837, Rev. Codes 1921; *State ex rel. Deck* v. *District Court,* 64 Mont. 100, 207 Pac. 1004, and numerous cases cited therein.)

Defendants contend that plaintiffs have misconceived their proper remedy—that they have an adequate remedy by appeal. In support of their contention they cite and rely upon the cases of *State ex rel. Boston etc. Co.* v. *District Court,* 32 Mont. 20, 79 Pac. 410, and *State ex rel. Deck* v. *District Court,* supra. In the first of these cases this court held that "an order amending a judgment already entered is a special order after final judgment and therefore appealable under section 1722 of the Code of Civil Procedure as amended by Act of 1899 ([now sec. 9731, Rev. Codes 1921].)" It is true that the order in question in that case was not an order amending a judgment which had been entered. It was an order made after final judgment had been entered and affirmed on appeal, allowing an additional amount for costs and disbursements. There the court held that it was not an appealable order, and that the writ of certiorari would issue to annul it. The court, however, indicated in no uncertain terms that if the order had effected an amendment of the judgment previously entered, it would have been a special order made after final judgment, and as such appealable.

In the later case of *State ex rel. Deck* v. *District Court,* supra, this court had occasion to pass upon a question very similar to that presented for consideration here. In that case it was held that "an order setting aside or refusing to vacate a default judgment is a special order made after final

judgment within the meaning of the statute," and that "the same is true of an order made vacating an order, setting aside a default judgment." In accordance therewith the court held that the proper remedy was by appeal, and therefore dismissed the writ of review.

Plaintiffs argue that the two cases referred to above are not applicable or controlling here. They attempt in their brief to distinguish them. Of course, the *Deck Case* is somewhat different from the case at bar in that there the order in question was one to vacate a default judgment, whereas in this case there is no default judgment involved. We are, however, unable to find any reason or authority for holding that the order here under consideration is any different, with respect to being a special order after final judgment, from the order involved in the *Deck Case.*

In attempting to distinguish the case of *State ex rel. Boston etc. Co.* v. *District Court,* supra, plaintiffs apparently proceed upon the theory that whether the order is appealable depends upon whether such order was made without authority of law or jurisdiction. We are unable to find any such distinction made in that case, or as between that case and the case at bar. Neither do we find any basis for such a distinction.

Although, as heretofore indicated, it cannot be said that the amended judgment here was necessarily void, we think that it would make no difference in the ultimate result of this case. Of course, a judgment made and entered without jurisdiction or power is void. (1 Black on Judgments, 326.) There is also some authority to the effect that an appeal will not lie from a void judgment or order. (*Levan* v. *Third District Court,* 4 Idaho, 667, 43 Pac. 574.) The great weight of authority, however, supports the view that an appeal may sometimes be taken from a void judgment. (2 Hayne on New Trial & Appeal, 950; *Livermore* v. *Campbell,* 52 Cal. 75; *Bond* v. *Pacheco,* 30 Cal. 530; *Huerstal* v. *Muir,* 62 Cal. 479; *Fox* v. *Nachtsheim,* 3 Wash. 684, 29 Pac. 140; *Trullenger* v. *Todd,* 5 Or. 36; *Deering & Co.* v. *Creighton,* 26 Or. 556, 38 Pac. 710; *Durst* v. *Haenni,* 23 Colo. App. 431, 130 Pac. 77.)

"The appealability of an order does not rest upon what may be its operative effect, and therefore the question as to whether it is void or not cannot govern its appealability, which may be said to rest upon what it purports to determine. (2 Hayne on New Trial & Appeal, 979.) As was said in the case of *Estate of Bullock*, 75 Cal. 419, 17 Pac. 540, "whether an order is appealable is to be determined by what it purports to determine, not by what may be its actual operative effect."

In the case of *Martin* v. *Miller*, 65 Cal. App. 581, 224 Pac. 783, an ex parte order had been made setting aside a judgment on the ground that it had been entered inadvertently upon representation that a stipulation was on file authorizing its entry, when in truth and in fact there was no such stipulation on file. Application was made for a writ of review to have the order annulled. In its opinion the court said: "Petitioner contends that the court was without jurisdiction to make the aforesaid order on an ex parte application. It need not be determined whether or not the court had such jurisdiction. The order is appealable as a 'special order made after final judgment.' * * * It has uniformly been held by this court * * * that if a party has the right of appeal from an order in excess of jurisdiction, he cannot have such order reviewed in certiorari proceedings."

Plaintiffs cite and rely upon a number of cases wherein it was held that "when an appeal can be taken from an order (or judgment), a subsequent order, denying a motion to change the first order, is not appealable." Such a rule has been announced by this court. (*Beach* v. *Spokane R. & W. Co.*, 21 Mont. 7, 52 Pac. 560; *Butte Con. Min. Co.* v. *Frank*, 24 Mont. 506, 62 Pac. 922; *In re Kelly's Estate*, 31 Mont. 356, 78 Pac. 579, 79 Pac. 244; see, also, *Apple* v. *Seaver*, 70 Mont. 65, 223 Pac. 830, and *Weed* v. *Weed*, 55 Mont. 599, 179 Pac. 827.) They argue that, "the reason being the same, the rule is no different when such motion is granted." But the reason is not the same, and so the rule is different when the motion to amend the order or judgment is granted.

The principal reason for holding that no appeal lies from an order denying a motion to vacate or amend a judgment or order, is that it would in many cases be allowing two appeals upon the same ruling, and sometimes allowing an appeal upon a matter from which there is no legal right of appeal. This is very well pointed out in 2 California Jurisprudence, 166, wherein it is said: "The reason for denying an appeal in the latter case is not because the order on the motion to vacate is not within the terms of the section of the Code allowing appeals, for it may be, and, indeed, an order refusing to vacate a final judgment is in its very nature a special order made after judgment, but because it would be virtually allowing two appeals from the same ruling, and would, in some cases, have the effect of extending the time for appealing, contrary to the intent of the statute." (See, also, *De la Montanya* v. *De la Montanya,* 112 Cal. 101, 44 Pac. 345, 52 Am. St. Rep. 165, 32 L. R. A. 82.)

The above reasoning is not applicable in a case where the order grants the motion to amend or vacate the judgment. In such a case there is a right to but one appeal, and that is from the last order or judgment. This we conceive to be the situation in the instant case. The authorities cited by plaintiffs are not in point nor applicable here.

Accordingly we conclude that plaintiffs had a right of appeal, and so cannot have the order amending the judgment reviewed in certiorari proceedings.

The proceeding is dismissed.

Mr. Chief Justice Callaway and Associate Justices Matthews and Anderson concur.

Mr. Justice Angstman absent.