MONTEATH ET AL., APPELLANTS, *v.* MONTEATH ET AL., RESPONDENTS.

(No. 7,377.)

(Submitted April 2, 1935. Decided April 19, 1935.)

[44 Pac. (2d) 517.]

*Mr. Gerald S. Frary* and *Mr. W. D. Kyle,* for Appellants, submitted a brief; *Mr. Kyle* argued the cause orally.

*Mr. Horace W. Judson,* for Respondents, submitted a brief.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is an appeal from an amended judgment made and entered after a motion and hearing thereon, pursuant to notice given by the moving party. The record before us consists of the bill of exceptions settled after entry of the amended judgment, containing the findings of fact, conclusions of law, original judgment, notice of motion and motion to amend, together with the amended judgment. Although the motion was based upon the "records and files" in the action, none of the pleadings are incorporated in the bill of exceptions.

Defendants have filed with their brief in this court a copy of their answer and cross-complaint, certified to by the clerk of the district court. On oral argument counsel for plaintiffs consented to our examining this document and considering the same as though it was a part of the record on the appeal.

It is recited in the bill of exceptions that no notice of motion for a new trial was given or motion for new trial made; nor was any bill of exceptions ever served or filed, including any of the proceedings on the trial of the case, and that no appeal was ever perfected to this court from the original judgment entered subsequent to the trial of the cause.

Heretofore it was attempted to secure a review of the same proceeding by this court on a writ of review. (*State ex rel. Monteath* v. *District Court,* 97 Mont. 530, 37 Pac. (2d) 567.) We there decided that plaintiffs had a remedy by appeal to review the order made after final judgment, and accordingly that proceeding was dismissed; thereupon this appeal was perfected, again seeking a review of the same proceeding.

The action, as disclosed by the findings of fact and conclusions of law, was one for an accounting and settlement of the affairs of a partnership theretofore engaged in conducting a hotel at Glacier Park station. The partnership was composed of James H. Monteath and Sadie L. Monteath, husband and wife, and James S. Monteath, their son. Prior to March 1, 1926, Monteath, Sr., and wife had established and were operat-

ing this hotel, which they owned. On that date the son entered into the partnership arrangement with his parents. He contributed as capital $1,400; his parents the use of the hotel building and the personal property used in its operation, they retaining the title to all this property. The respective shares of the partners in the profits and losses were one-half to the son and one-half to his parents. The partnership terminated on August 31, 1932, by the death of the son. His widow was appointed executrix of his will. The plaintiffs, the father and mother, brought this action against the surviving widow of their son, as executrix and individually.

The court found, in addition to the facts already stated, that the books of the partnership had been audited, and disclosed that the father was credited to his personal account on the books with the following items: Pension money received from the United States government, $3,945.33; salary as county commissioner of Glacier county, $2,467.91; rents from property other than the hotel property, dividends on shares of stock, payments on a note, and receipts from sources other than the business of the partnership, $1,997.95; and plaintiffs' share of the profits of the partnership business in the sum of $7,592.76, making a total of $16,003.95. Also it was found that the audit disclosed that plaintiffs had withdrawn from the partnership the sum of $10,265.32, leaving a credit balance on the partnership books in favor of plaintiffs in the sum of $5,738.63. The court found that the son was credited on the partnership books with "sundry personal receipts of $5,316.71 from sources outside the partnership"; that his share of the profits of the partnership business was the sum of $5,649.76. The difference in the profits accruing to the plaintiffs and the son occurs by reason of the son renouncing his right to certain of the profits for the years 1929 and 1930. The son, during those years, was in ill health and unable to devote his time and attention to the affairs of the partnership. The court further found that as a result of the audit the son was credited with a total of $10,966.47 and that he had withdrawn from the partnership the sum of $11,874.25.

The audit disclosed a debit balance in the sum of $1,007.78 as shown by the books. The court found that in arriving at this balance the interest of the son had been charged with one-half of a $3,000 note, or $1,500, which note evidenced a loan made by a daughter to the parents prior to the formation of the partnership, the proceeds of which were used to erect the original unit of the hotel. After the correction of this erroneous charge, the court found that the son had a credit balance of $492.22. It found further that a conveyance of a one-half interest in the hotel and the personal property used therein, made on March 7, 1932, by the plaintiffs to the defendants, was without consideration; also that the plaintiffs had presented a claim to the defendant executrix based on the debit balance of $1,007.78, claimed to be owing to plaintiffs from the estate of their son, which was disallowed, and that this action was commenced within the statutory period for suit on rejected claims' against estates of deceased persons. It was likewise found that a note for $1,400, pleaded in the cross-complaint of defendants' answer, signed by the plaintiffs, represented the $1,400 which the son had contributed to the partnership upon becoming a member.

As conclusions of law, the court found that the plaintiffs were the owners and entitled to the possession of the hotel property,. that the conveyance of the one-half interest therein to the son and his wife transferred no title and was held for naught, and that plaintiffs were entitled to a decree rescinding the conveyance. The third conclusion was as follows: ''That the defendants or either of the defendants are not liable on the Catherine Oke obligation originally amounting to $3,000 for any part or portion thereof, and eliminating the one-half thereof charged in the account of James S. Monteath on the partnership books, leaves the estate of James S. Monteath with a credit balance of $492.22, for which judgment will be entered herein in favor of said estate and against the plaintiffs as the surviving partners of said partnership.''

The court further concluded that the plaintiffs did not owe the defendants, or either of them, anything on the $1,400 note

set forth in the cross-complaint, and as to the cross-complaint the plaintiffs were entitled to a judgment of dismissal.

The original judgment was entered on February 21, 1934, and conformed to the conclusions of law as to the ownership of the hotel property and the cancellation of the conveyance. It was thereby "further ordered, adjudged and decreed that on August 31, 1932, following the death of said James S. Monteath, the books of the partnership of the plaintiffs and said James S. Monteath were audited, and showed plaintiffs credited with a balance of $5,738.63, and the estate of said James S. Monteath, deceased, debited with a balance of $1,007.78, by charging the plaintiffs and said estate each with one-half of the Catherine Oke obligation of $3,000 referred to in the foregoing findings, but eliminating which as a nonpartnership liability as found by the court, makes said credit balance of the plaintiffs $7,238.63, and said debit balance of said estate a credit balance of $492.22, but to pay which said balances there is no partnership property, all property acquired during the partnership having been bought with funds of the plaintiffs. Further ordered, adjudged and decreed that the defendant Uldene V. Monteath do not recover on her cross-complaint, and that the same be and is hereby dismissed."

On April 4, 1934, notice was given that on the eighteenth day of that month and year defendant would move to amend the judgment by including in it a judgment in favor of the executrix and against the plaintiffs for the sum of $492.22, less the sum of $125 costs allowed plaintiffs in the original judgment. In the motion they quoted the third conclusion of law which we have set out supra, and sought thereby to have the decree amended to conform to that conclusion. After the hearing on the motion, and on June 24, 1934, the court, in lieu of the quoted portion, amended the judgment by inserting the following paragraphs:

"It is further ordered, adjudged and decreed that on August 31, 1932, following the death of said James S. Monteath, the books of the partnership of the plaintiffs and said James S.

Monteath were audited and showed plaintiffs credited with a balance of $5,738.63 and the estate of James S. Monteath, deceased, debited with the balance of $1,007.78 by charging plaintiffs and said estate each with one-half of the Catherine Oke obligation of $3,000 referred to in the foregoing findings but eliminating it as a non-partnership liability as found by the court makes said credit balance of the plaintiffs $7,238.63 and said debit balance of said estate a credit balance of $492.22.

"It is further ordered, adjudged and decreed that the said defendants, Uldene V. Monteath, as executrix of the will of James S. Monteath, deceased, and Uldene V. Monteath have and recover on their cross-complaint of and from the said plaintiffs, James H. Monteath and Sadie L. Monteath, the sum of $492.22, less the sum of $125 allowed in the judgment dated February 21, 1932, as costs of the plaintiffs and against the defendants, or the sum of $376.88, and that said defendants may have judgment and execution thereon against the said plaintiffs."

Plaintiffs contend that the court was without power or authority to amend the judgment in the respects and to the extent to which it was altered. This court, in the case of *In re Jennings' Estate,* 79 Mont. 73, 254 Pac. 1067, 1068, said: "It is the generally accepted rule that courts have the inherent power to correct or amend their judgments so that they shall truly express that which was actually decided, where it appears from the face of the record that a clerical mistake has been made in setting forth correctly that which was in fact determined by the court. (*Territory* v. *Clayton,* 8 Mont. 1, 19 Pac. 293; *Keene* v. *Welch,* 8 Mont. 305, 21 Pac. 25; *State ex rel. McHatton* v. *District Court,* 55 Mont. 324, 176 Pac. 608; *State ex rel. Smith* v. *District Court,* 55 Mont. 602, 179 Pac. 831; *State* v. *Fowler,* 59 Mont. 346, 196 Pac. 992, 197 Pac. 847; *State Bank of New Salem* v. *Schultze,* 63 Mont. 410, 209 Pac. 599; *State ex rel. Reid* v. *District Court,* 68 Mont. 309, 218 Pac. 558; *Stabler* v. *Adamson,* 73 Mont. 490, 237 Pac. 483; *Oregon Mortgage Co.* v. *Kunneke,* 76 Mont. 117, 245 Pac. 539; *St. Onge* v. *Blakely,* 76 Mont. 1, 245 Pac. 532. See exhaustive note, 10

A. L. R. 526.) However, where the judgment as rendered correctly expresses the court's decision at the time it was entered, however erroneous it may be, the district court is without jurisdiction to subsequently amend or modify the judgment so as to change the substantial rights of the parties from that which was previously determined. The court cannot, on a change of mind, set aside or modify the judgment entered so as to alter the rights previously fixed thereby. This may be accomplished only on appeal in such a proceeding as this. (*State ex rel. McHatton* v. *District Court,* supra; *State ex rel. Smith* v. *District Court,* supra; *State* v. *Fowler,* supra; *State ex rel. Reid* v. *District Court,* supra; *Stabler* v. *Adamson,* supra; *Oregon Mortgage Co.* v. *Kunneke,* supra; *St. Onge* v. *Blakely,* supra.)''

The court did not in its original judgment conform with its third conclusion of law. In the *St. Onge Case,* supra, the court in its findings of fact found that a water right had been initiated in the year 1877. In its decree it was declared that the same right should date from August 17, 1885, and this court there held that the judgment did not '' 'express what was actually decided,' and was, in effect, a mere mistake in drafting the decree.'' As we have already observed, we have none of the evidence before us, nor any of the pleadings aside from the answer, and that is before us only in an irregular manner.

It is the rule that, when the record on appeal in an equity case does not present the evidence taken in the court below, it will be presumed that there was sufficient to sustain the findings of the court. (*Thompson* v. *Chicago etc. Ry. Co.,* 78 Mont. 170, 253 Pac. 313; *Gow* v. *Cascade Silver Mines & Mills Co.,* 66 Mont. 488, 213 Pac. 1092.) Also every presumption is indulged in favor of the correctness of the decision of the district court. (*Mulholland* v. *Butte & Superior Co.,* 87 Mont. 561, 289 Pac. 574; *State ex rel. Foot* v. *Farmers' State Bank,* 85 Mont. 256, 278 Pac. 828.) If a pleading is insufficient, it will be presumed, in the absence of the testimony from the record, that the omitted facts have been proved upon the trial and the defective pleadings aided thereby will support

the findings or judgment. (*Hershfield & Bro.* v. *Aiken*, 3 Mont. 442.)

The findings of fact and conclusions of law have not been questioned. If we consider the answer and cross-complaint, there was no pleading therein asserting that the executrix was entitled to recover the credit balance in question. As we have observed, the action was one for an accounting and settlement of the affairs of a partnership. In this type of action, in order for a defendant to secure affirmative relief, it is the duty of the court, in the absence of any cross-complaint, to determine from all the evidence what are and what are not partnership assets and to give judgment accordingly. (*Wilson* v. *Wilson*, 64 Mont. 533, 210 Pac. 896.) Nor is a prayer for a money judgment necessary in an action of this character; in fact, it is said to be immaterial. (*Arnold* v. *Sinclair*, 11 Mont. 556, 29 Pac. 340, 28 Am. St. Rep. 489.)

The trial court had the power to amend the judgment in accordance with its third conclusion of law, but in making this amendment it exceeded its power by awarding the defendant Uldene V. Monteath, as an individual, judgment against the plaintiffs, and also in awarding her, as executrix, judgment on her cross-complaint. Judgment should have been awarded to her as executrix in the amount provided in the amended judgment on the credit balance as against the plaintiffs.

It is argued that it is absurd to award the defendant executrix a judgment on this credit balance when there was a large credit balance on the books in favor of the plaintiffs. The court, however, found that there was no partnership property out of which to pay the respective credit balances. The audit of the books revealed that the business enterprise was operated at a profit. If the business was operated at a profit, someone was in possession of the assets represented by these credit balances. The court found that the plaintiffs had borrowed money to build two additions to the hotel during the existence of the partnership, one loan in the sum of $5,000,

which had been fully repaid, and another for $5,500, which had been reduced to the sum of $4,100. In making out the partnership accounts, plaintiffs, and likewise their son, apparently contributed funds received from every source of income. The money to pay for these improvements which became the property of plaintiffs was found to have been paid with their own money, but, according to the findings, the parties had credit balances in excess of $7,000, but no partnership property. Therefore one or more of the partners must have these assets in their possession. The court, in arriving at the conclusion it did, must have determined that in some form or other plaintiffs had the possession and ownership of the assets which were represented by the credit balances, and accordingly directed the entry of the judgment.

The cause is remanded to the district court of Glacier county, with directions to modify its amended judgment to conform to the views herein expressed; each party will pay its own costs on this appeal.

ASSOCIATE JUSTICES MATTHEWS, STEWART and MORRIS concur.

MR. CHIEF JUSTICE SANDS, being absent on account of illness, did not hear the argument, and takes no part in this decision.